**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| **SAMUEL K. JACOBS, et al** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **SHI, et al** | * | |
| | * | |
| **Defendants** | * | **Case No.: 1:07-CV-01625** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>MOTION FOR A MORE DEFINITE STATEMENT</u>

NOW COMES, Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan, Defendants, by and through their attorneys, Sidney S. Friedman and Weinstock, Friedman & Friedman, P.A. , and pursuant to Federal Rules of Civil Procedure, 12(e), Rules 8(a)(2), 9(b), and 10(b), herein moves the Court to enter an Order requiring Plaintiffs to file a more definite statement, and in support states as follows:

1.      Plaintiffs' Amended Complaint is entitled, "Amended Complaint for Conspiracy Under Racketeering Influenced Act and Corrupt Organizations [sic] Act (RICO)."

2.      The purported allegations contained in the Amended Complaint, spanning fifty pages, are an incoherent mix of narrative, interlaced with improper legal conclusions and citations to both state and federal case law, numerous federal statutes, the U.S. Constitution, secondary sources, and claims of acts of terrorism, attempted murder, conspiracy, fraud on a

1

court, RICO, identity theft, invasion of privacy, unfair and deceptive trade practices, wire fraud, violations of 18 U.S.C. 1662, and aiders and abettors, among others.

3.    Citations in the Complaint are to diverse statutes, such as to everything from the RICO statute to the Sherman Antitrust Act, with no factual allegations in support, leaving Defendants, individually and collectively, to guess what it is exactly that they are being accused of.

4.    Responding to allegations concerning the Sherman Antitrust Act most certainly would differ from responding to allegations relating to other statutes and constitutional citations, and Defendants cannot even decipher whether they are being accused of violating every statute cited, and if so, which parts of the statute(s).

5.    Of the numerous statutory and constitutional citations, many are criminal statutes which do not even afford Plaintiffs with a private cause of action, while others do not appear to fall within the rubric of a civil RICO claim.  Additionally, the Complaint fails to contain sufficient notice of a factual basis of the predicate acts for the RICO claim.

6.    Rule 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

7.    Additionally, allegations of fraud and RICO acts must be plead with particularity in accordance with Rule 9.

8.    Plaintiffs' Complaint is the opposite, and is little more than a rambling incantation, designed to conceal its total lack of meaningful content.

9.    Given this, Defendants are not afforded a fair opportunity to frame a responsive pleading, cannot reasonably be required to frame one, and unless the Court grants their request,

Defendants will suffer prejudice.


WHEREFORE, Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan, Defendants, respectfully request this Honorable Court to grant their motion, and require Plaintiffs to file a more definite statement to which Defendants may frame a proper responsive pleading.


Respectfully submitted,


    /S/ Sidney S. Friedman
Sidney S. Friedman
DC Federal Bar No.: 464753

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
(410) 559-9000
(410) 559-9009 Fax
ssf@weinstocklegal.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| **SAMUEL K. JACOBS, et al** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **SHI, et al** | * | |
| | * | |
| **Defendants** | * | **Case No.: 1:07-CV-01625** |
| | * | |

*******************************************************************************

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR A MORE
DEFINITE STATEMENT**</u>

## I.  INTRODUCTION

What Plaintiffs have styled as their "Amended Complaint for Conspiracy Under
Racketeering Influenced and Corrupt Organizations [sic] Act RICO," is now but 'round four' of
an ongoing series of lawsuits brought by Plaintiffs, first against Defendants Shi and Fan, and now
against the attorneys and law firm representing Mr. Shi and Ms. Fan.  The dispute between the
parties began several years ago as a collection matter in which Mr. Shi and Ms. Fan attempted to
recoup a loan they made to Plaintiffs.  In response to a debt collection letter, Plaintiffs filed a
complaint similar to the instant complaint, in the United States Federal Court for the Eastern
District of Virginia[1], and Defendants Shi and Fan filed a counterclaim seeking repayment of the
$140,000.00 loan.  Following a bench trial that Plaintiffs failed to attend, the court dismissed
Plaintiffs' complaint with prejudice, and entered judgment in favor of Defendants on the loan.

---

[1]  Case No. 04-1379.

4

Plaintiffs then filed various post-trial motions, which were denied, and following an appeal to the 4th Circuit, the judgment was affirmed[2].

On March 20, 2007, through their attorneys, Mr. Shi and Ms. Fan filed a Request to Record Foreign Judgment in the Circuit Court for Montgomery County Maryland[3]. Plaintiffs filed various motions to attempt to block the recording of the judgment and the subsequent issuance of writs of attachment, all of which were denied by the circuit court. In addition, Plaintiffs attempted to re-litigate the same issues in the Virginia federal court, by filing a Rule 60 motion/petition, which was denied by the Virginia federal court[4]. Plaintiffs have appealed this denial. In a further attempt to re-litigate the same issues that were disposed of in the original case (04-1379), Plaintiffs then filed another new complaint in the Virginia federal court[5], which is virtually the same complaint as the one filed in the instant case. Assuming that Plaintiffs anticipated another unfavorable result, they voluntarily dismissed that action, and after some minor revisions, re-filed it as a new action in this Court; a forum shopping strategy. All of these later filings, including ones not mentioned herein, directly relate back to the original action in the Virginia court that resulted in judgment for Mr. Shi and Ms. Fan.

Now, because Defendants Shi and Fan, through their attorneys, exercised their legal right to enroll the federal judgment in state court, Plaintiffs have retaliated against Mr. Shi and Ms. Fan, as well as their attorneys, through the filing of this latest scurrilous pleading. These

---

[2]  Appeal No. 05-1858.

[3]  Enrolled judgment Case No.: 280832-V.

[4]  Case No. 07-395.

[5]  Case No. 07-663.

continuous filings have cost Defendants considerable time and money, and attempting to parse

through this latest incoherent Amended Complaint that now accuses them of conspiring with

people in other countries, in order to frame an appropriate responsive pleading, is causing

prejudice to Defendants. For the reasons stated in their Motion and herein, Defendants

respectfully request that Plaintiffs be ordered to file a more definite statement to which

Defendants can properly respond.


## II. THE COMPLAINT FAILS TO COMPLY WITH RULES 8(a)(2) and 9(b)

Pursuant to Federal Rule 8(a)(2), a complaint must set forth a "short and plain statement

of the claim showing that the pleader is entitled to relief." Pleading special matters, such as

fraud, or aspects of RICO claims, have a heightened pleading standard, and must be set forth

with particularity. Fed. Rule Civ. P. 9(b). RICO claims, for example, must be sufficient to

ensure that a defendant has clear notice of the factual basis of the predicate acts. "A plaintiff in a

RICO case alleging mail and wire fraud must comply with Federal Rule of Civil Procedure 9(b)'s

requirements for pleading fraud with particularity. *See*, *e.g.*, *Giuliano v. Fulton*, 399 F.3d 381,

388 (1st Cir. 2005); *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004); *Morre v.

PaineWebber, Inc.*, 189 F.3d 165, 172-73 (2d Cir. 1999); *Menasco, Inc. v. Wasserman*, 886 F.2d

681, 684 (4th Cir. 1989). Rule 9(b) requires pleading the time, place, and content of the false

representations, the person making them, and what that person gained from them. *U.S. ex rel.

Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251 (C.A.D.C. 2004). Plaintiffs'

Complaint is the opposite, and fails to set forth any allegations in short and plain statements, let

alone with particularity. Because Rule 9(b) serves to protect defendants from frivolous

accusations of moral turpitude, and suits brought for their nuisance value, Plaintiffs should be required to strictly comply with the rule.  Indeed, Plaintiffs are accusing the collective Defendants of everything from acts of terrorism transcending national boundaries to attempted murder.  *Id., quoting, United States ex rel Joseph v. Cannon*, 642 F. 2d 1373, 1385 (D.C. Cir. 1981).  *See* Amended Complaint at 7, ¶ 7.

### III.  PLAINTIFFS SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT SO THAT DEFENDANTS CAN FRAME A PROPER RESPONSIVE PLEADING

Rule 12(e) permits a defendant to request a more definite statement in a complaint if the complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. Rule Civ. Pro. 12(e).  *See also*, *McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 34 (D.D.C. 2007);  *Evans-Marshall v. Board of Educ. of Tipp City Exempted Village School Dist.,* 28 F.3d 223, 228 (6th Cir.2005) (quoting *Swierkiewicz,* 534 U.S. at 514); McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996).  Thus, "[i]n the case of a truly unclear complaint, the defendant can move for a more definite statement of the claim under Rule 12(e)."  *Baxter v. Rose,* 305 F.3d 486, 490 (6th Cir.2002); *see also Ekberg v. Pennington,* 2002 WL 1611641, at *1 (W.D.La. July 19, 2002)(granting a 12(e) motion because the plaintiff's claims lacked clarity and the defendant therefore could not effectively respond to the complaint); *Saad v. Burns Int'l Sec. Servs., Inc.*, 456 F.Supp. 33, 36 (D.D.C.1978)(finding that mere allegations do not suffice to state a claim and ordering the plaintiff to file a more definite statement)).  The motion must explain the defects complained of and the details desired.  Fed. Rule Civ. Pro. 12(e).

As stated above, the purported allegations contained in the Amended Complaint, are an

incoherent mix of narrative, interlaced with improper legal conclusions and citations to state and federal case law, numerous federal statutes, the U.S. Constitution, secondary sources, and allegations of various torts of invasion of privacy, fraud on a court, and breaches of contract, among others. Some alleged causes of action are placed under separate headings of a count, while others are interspersed throughout the rest of the Amended Complaint, including introductory paragraphs. Citations in the Amended Complaint are to diverse statutes, such as to everything from the RICO statute to the Fair Debt Collection Practices Act, with no factual allegations in support, leaving Defendants, individually and collectively, to guess what it is exactly that they are being accused of. The Complaint is divided into several categories, entitled, "pattern of racketeering," "invasion of privacy," "the forming of a conspiracy," and "fundamental RICO," and contains citations to approximately thirty statutes, plus citations to federal and state case law and secondary sources scattered throughout. Of the approximately thirty statutes cited, there is no clear statement of how these statutes apply to these Defendants, nor is there a statement as to which Defendants are allegedly liable on which claims. *See* Amended Complaint. For example, the following are cited throughout the Complaint:

        18 U.S.C.A. § 241
        18 U.S.C.A. § 875
        18 U.S.C.A. § 1113
        18 U.S.C.A. § 1956
        18 U.S.C.A. § 2332
        18 U.S.C.A. § 1961
        18 U.S.C.A. § 1951
        18 U.S.C.A. § 1343
        18 U.S.C.A. § 1959
        18 U.S.C.A. § 1963
        18 U.S.C.A. § 1966
        18 U.S.C.A. § 656
        18 U.S.C.A. § 1028
        18 U.S.C.A. § 1341

18 U.S.C.A. § 1343
18 U.S.C.A. § 893
18 U.S.C.A. § 894
18 U.S.C.A. § 1952
18 U.S.C.A. § 1201
18 U.S.C.A. § 793
18 U.S.C.A. § 794
18 U.S.C. § 1968
18 U.S.C. § 1962
18 U.S.C. § 2
18 U.S.C. § 1964
15 U.S.C.A. § 1117
15 U.S.C.A. § 1692
15 U.S.C.A. § 1 - 4
12 U.S.C.A. § 1828
12 U.S.C.A. § 1818
12 U.S.C.A. § 3303
28 U.S.C. § 1651
28 U.S.C. § 1361
42 U.S.C.A. § 1983
The Hobbs Act
The Organic Act of 1801
The Equal Opportunity Act
Constitution of the State of Maryland
Article I of the Constitution
4th Amendment to the Constitution
14th Amendment to the Constitution
7th Amendment to the Constitution
Consumer Protection Act
Fair Debt Collection Practices Act
Extortionate Credits Transactions Act
The Federal Health Care Act
Sherman Antitrust Act

These statutes seem to be thrown into the Complaint in a shotgun or kitchen sink manner,

with some buzz words sprinkled in for effect.  Defendants should not be required to attempt to

formulate a response to such a pleading, but rather, Plaintiffs should be required to ensure that

their Complaint conforms to the pleading requirements of the Federal Rules.  *Anderson v.*

*District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th

Cir.1996).

Some statutes are mentioned once, with absolutely nothing provided to explain how the statute applies to their alleged causes of action against these Defendants. For example, Plaintiffs state that "the manner in which these Defendants operate in the Court and in the business world through a pattern of racketeering activities is a basis for [sic] antitrust violations pursuant to the Sherman Antitrust Act." *See* Amended Complaint at ¶ 39. There is no plain statement of fact to show Plaintiffs' entitlement to relief, and this allegation just makes no sense. Elsewhere, Plaintiffs allege a conspiracy of "deceitful, fraudulent, willfully intentional and severely negligent acts" that they claim were in violation of statutes such as the Consumer Protection Act, the Federal Health Care Act, and multiple breaches of contract. *See* Amended Complaint at page 3. Again, there is no statement regarding how they are entitled to any relief or which parts of the statutes that they are invoking. This is how the entire Amended Complaint is set forth, to the prejudice of Defendants. Responding to allegations concerning the Sherman Antitrust Act most certainly would differ from responding to allegations relating to the Federal Health Care Act, and Defendants cannot even decipher whether they are being accused of violating every statute cited, and if so, which parts of the statute(s). In paragraph 12, Plaintiffs claim that they "will state the criminal overt acts and RICO predicate acts for which they have knowledge and/or proof." Under the Pattern of Racketeering Activities heading, Plaintiffs allege that Defendants Shi and Fan "understand verbal English when they choose to, but they also act confused when the situation suits them." *See* Amended Complaint at ¶ 43. Besides being an offensive statement, again, nothing is clear, nothing is simple and concise, and nothing is stated with particularity. These are but a few examples; the Amended Complaint is replete with the same types of defects.

10

In order to frame a responsive pleading to this Amended Complaint, Defendants would be forced to draw a chart listing all the alleged violations with corresponding factual averments, if they can find them. Doing so would be severely prejudicial to Defendants, as it would literally force them into a guessing game as to what Plaintiffs are accusing them of. In a similar case in which a complaint was dismissed after several attempts by the plaintiffs to set forth a proper pleading, the court stressed that allegations should be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir.1996). The court opined that the Federal Rule of Procedure 84, which allows for an official Appendix of forms, "intended to indicate the simplicity and brevity of statement which the rules contemplate," with a complaint for negligence sufficiently set forth in three concise paragraphs. *Id.* Contrasting the complaint in that case, the court further indicated that the purpose of the particularity requirement, which also applies in the instant case, is to *avoid* unnecessary discovery. *Id.* at 1178. ("Only by months or years of discovery and motions can each defendant find out what he is being sued for.") Additionally, the court stated that,

> Prolix, confusing complaints…impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expect. 'The rights of the defendants to be free from costly and harassing litigation must be considered.'

*Id.* at 1179-80 (*quoting Von Poppenheim*, 442 F.2d 1047 at 1053 n.4); *see also, Anderson*, 77 F.3d at 367 ("Experience teaches that, unless cases are pled clearly and precisely, issues are not

11

joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

### III.CONCLUSION

At this juncture, Defendants should not have to respond to such an incoherent pleading, nor should they be forced to blindly set out on a discovery fishing expedition in an attempt to figure out what the Plaintiffs' claims are.  To the contrary, Plaintiffs should be required to comply with the Federal Rules.  As such, the invocation of Rule 12(e) is warranted, and Defendants' Motion for a More Definite Statement should be granted.  Plaintiffs should be ordered to submit a complaint that is simple and concise, and is pled with particularity as applicable.

Respectfully submitted,

    /S/ Sidney S. Friedman
DC Federal Bar No.: 464753

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
(410) 559-9000
(410) 559-9009 Fax
ssf@weinstocklegal.com

Attorneys for Defendants

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 28th day of November 2007, a copy of the foregoing Defendants' Motion for a More Definite Statement, was electronically filed, and was also sent first class mail, postage prepaid to: Samuel K. Jacobs, 2300 M Street, N.W., Suite 838, Washington, D.C. 20037, and Nancy Heckerman, 2300 M Street, N.W., Suite 838, Washington, D.C. 20037.

    /S/ Sidney S. Friedman

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| **SAMUEL K. JACOBS, et al** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **SHI, et al** | * | |
| | * | |
| **Defendants** | * | **Case No.: 1:07-CV-01625** |
| | * | |

*************************************************************************

## <u>(Proposed) ORDER</u>

Upon consideration of Defendants' Motion for a More Definite Statement, and any response thereto, it is this _____ day of _____, 2007, hereby

**ORDERED**: That Defendants' Motion for a More Definite Statement is hereby **GRANTED**; and it is further

**ORDERED**: That Plaintiffs file an amended complaint within 10 days of this order.

_____        _____
Date                                    United States District Court Judge for the
                                        District of Columbia