IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| SAMUEL K. JACOBS, et al | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| SHI, et al | * | |
| | * | |
| Defendants | * | Case No.: 1:07-CV-01625 |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO STRIKE PLAINTIFFS' RESPONSE TO MOTION FOR A MORE DEFINITE STATEMENT**

NOW COMES, Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan, Defendants, by and through their attorneys, Sidney S. Friedman and Weinstock, Friedman & Friedman, P.A., and pursuant to Federal Rules of Civil Procedure, Rules 11 and 12(f), herein moves the Court to enter an Order Striking Plaintiffs' Response to Motion for a More Definite Statement, because it is replete with immaterial, impertinent, and scandalous matter, and for good cause states as follows:

1. On December 10, 2007, Plaintiffs filed a Response to Motion for More Definite Statement previously filed by the collective Defendants.

2. Plaintiffs' Response yields little by way of substance, but serves as additional proof as to why their Complaint fails to comply with the Federal Rules for pleadings.

3. Defendants are not required to sort through numerous statutes and citations to

case law from various jurisdictions in order to reply to the Complaint. Indeed, the rules are clear, that Plaintiffs must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule 8(a)(2). Pleading special matters, such as fraud, or aspects of RICO claims, have a heightened pleading standard, and must be set forth with particularity. Fed. Rule Civ. P. 9(b).

4.     The Complaint is void of facts showing entitlement to the relief that Plaintiffs seek. And Defendants cannot reasonably be required to frame a responsive pleading. Fed. Rule Civ. Pro. 12(e).

5.     In addition, Plaintiffs' Response[1] is interlaced with racist, offensive, derogatory, and disparaging comments that are not based in fact, are not relevant to this litigation, and which should be stricken from Plaintiffs' filings with this Court.

6.     Because Plaintiffs' Response is replete with these types of inappropriate comments, it should be stricken in its entirety.

7.     Unless all improper material is stricken from Plaintiffs' Complaint, Defendants will be prejudiced, and will also be forced to litigate matters that unnecessarily place them, as well as all immigrants, in a derogatory light.

WHEREFORE, Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan, Defendants, request this Honorable Court to:

---

[1] The Complaint is also replete with similar statements, as has been Plaintiffs' pleadings filed in the United States Federal District Court for the Eastern District of Virginia. Defendants will be filing a separate Motion to Strike pertaining to the Complaint.

A. Enter an Order striking Plaintiffs' Response to Motion for More Definite Statement; or alternatively,

B. Enter an Order striking designated portions of Plaintiffs' Response to Motion for More Definite Statement.

C. Grant Defendants' Motion for a More Definite Statement.

Respectfully submitted,

/S/ Sidney S. Friedman
Sidney S. Friedman
DC Federal Bar No.: 464753

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
(410) 559-9000
(410) 559-9009 Fax
ssf@weinstocklegal.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| SAMUEL K. JACOBS, et al | * | |
| | * | |
|     Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| SHI, et al | * | |
| | * | |
|     Defendants | * | Case No.: 1:07-CV-01625 |
| | * | |

*************************************************************************

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' RESPONSE TO MOTION FOR A MORE DEFINITE STATEMENT

The Court has "liberal discretion" to strike from a pleading, any matter that is immaterial, impertinent, or scandalous. *Pigford v. Veneman*, 215 F.R.D. 2 (2003) (*citing, Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir.2000); Fed. R. Civ. Proc. Rule 12(f). Although motions to strike tend to be disfavored by the courts, such a motion should be granted if the moving party can establish that the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties." *See, Graff v. Prime Retail, Inc.*, 172 F.Supp.2d 721, 730 (D.Md.2001)(*quoting,* 5A WRIGHT & MILLER, Federal Practice and Procedure § 1382 (2d ed.1990). The word "scandalous" in this context, refers to "any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Pigford*, 215 F.R.D. 2, *quoting,* 2 MOORE'S FEDERAL PRACTICE § 12.37 at 12-97; *see also, Cobell v.* Norton, 377 F.Supp. 2d 4 (2005; Judicial *Watch, Inc. v. United States Dept. of Commerce*, 224 F.R.D. 261

1

(2004); *Wiggins v. Philip Morris, Inc.*, 853 F.Supp. 457 (1994).

One only need to consider Plaintiffs' "foremost" objection to Defendants' Motion for a More Definite Statement, cited at page 3, paragraph 5, in their Response, which displays the tenor for the remainder of their inappropriate statements.  "That Plaintiffs state that foremost in their objections to the Defendants' vacuous filing is the reference to DEFENDANTS Yelin Shi and Yu Fan as MR. Shi and MS. Fan.  They are DEFENDANTS Yelin Shi and Yu Fan..."  This statement displays the disdain and condescension that Plaintiffs hold with respect to the Defendants, but especially toward Mr. Shi and Ms. Fan.  This conduct is not in accordance with the professionalism and civility that this Court mandates in the course of any litigation.

For example, the following statements contained in the Plaintiffs' Response are not supported by any evidence[2], are immaterial, impertinent, or scandalous, reflects cruelly upon the moral character and nationality of Defendants, and unless they are stricken, will cause further prejudice to the Defendants:

    1)    "That the Defendants have a habit of openly denying the federal laws, the Supreme Court of the United States, and the Constitution of the United states *through filings in the District Courts*...were never reprimanded, to defile the Constitution of the United States...."  Page 1, paragraph 2.

    2)    "...[T]he Defendants should not accuse the Court of not being able to read...."  Page 2, paragraph 4.

    3)    "[t]he Defendants have proved that they have no knowledge about the basic

---

[2] Although Defendants vehemently deny the allegations contained in the Complaint and in their Response, this Motion will only refer to what Defendants contend fall within the standard for a Rule 12(f) Motion to Strike.

structure and background of the RICO statutes.  Page 3, paragraph 6.

4) "The Defendants are trying to wing it on rote material not relevant to the subject at hand, and they look foolish with these statements."  Page 3, paragraph 9.

5) "That Plaintiffs state that foremost in their objections to the Defendants' vacuous filing is the reference to DEFENDANTS Yelin Shi and Yu Fan as MR. Shi and MS. Fan.  They are DEFENDANTS Yelin Shi and Yu Fan..." Page 3, Paragraph 5.

6) "First of all, after living here for approximately fifteen years, Defendant Yelin Shi is not a Citizen because he is not loyal to the United States.  He is an agent of The Peoples Republic of China who is here to obtain information for the Chinese Government against the United States and for the benefit of a foreign Nation..."  Page 7, paragraph 12 a.

7) "That Defendants Shi and Fan are involved in business in the United States to support their upkeep in this country and that is how the Plaintiffs were ensnared. Defendants Shi and Fan are here to help other Chinese, (who may or may not be here legally), secure a base through loans for real estate from their Chinese lenders while they perform their duty for their Chinese homeland.  All of this is done at the expense of the American Citizens such as these Plaintiffs."  Page 7, paragraph 12 b.

8) That if DEFENDANT Yu Fan purports to have a Ph.D. in some esoteric form of biology, why is she selling real estate?  Who would work all those years to get a Ph.D. and then just dump it...she paid another Chinese to write her

3

dissertations..."  Page 7, paragraph 12 c.

9) "That Defendants...would have the...Court believe that they were innocent little lambs when, in fact, DEFENDANT Yelin Shi has high powered transmitters...which he uses to send stolen classified American information to The Peoples Republic of China...DEFENDANT Yu Fan has been chastised or punished...."  Page 7, paragraph 12 d.

10) "...Plaintiffs state that Defendants...think that they can buy or bribe their way out of trouble or criminalize some business venture...those who will be greedy enough to violate their own laws and self esteem to accept the Defendants' money to erase their crimes...Defendants Shi and Fan act like they do not understand English...it appears that none of the other Defendants can understand English either."  Page 8, paragraph 12 e.

The foregoing are but examples of the types of statements that fall within the meaning of immaterial, impertinent, and scandalous matter that is only included in the Plaintiffs' Response in order to injure and malign Defendants.  As such, this material should be stricken.

          Respectfully submitted,

          /S/ Sidney S. Friedman
          Sidney S. Friedman
          DC Federal Bar No.: 464753

          Weinstock, Friedman & Friedman, P.A.
          4 Reservoir Circle
          Baltimore, Maryland 21208
          (410) 559-9000

(410) 559-9009 Fax
ssf@weinstocklegal.com

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY, that on this 19th day of December 2007, a copy of the foregoing Defendants' Motion to Strike Response for a More Definite Statement, was electronically filed, and was also sent first class mail, postage prepaid to: Samuel K. Jacobs, 2300 M Street, N.W., Suite 838, Washington, D.C. 20037, and Nancy Heckerman, 2300 M Street, N.W., Suite 838, Washington, D.C. 20037.

                      /S/ Sidney S. Friedman

                      Weinstock, Friedman & Friedman, P.A.
                      4 Reservoir Circle
                      Baltimore, Maryland 21208

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **SAMUEL K. JACOBS, et al** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| v. | * | |
| | * | |
| SHI, et al | * | |
| | * | |
| **Defendants** | * | Case No.: 1:07-CV-01625 |
| | * | |

*************************************************************************

### (Proposed) ORDER

Upon consideration of Defendants' Motion to Strike Plaintiffs' Response to Motion For a More Definite Statement, and any response thereto, it is this _____ day of _____, 2007, hereby

**ORDERED**: That Defendants' Motion to Strike is hereby **GRANTED**; and it is further

**ORDERED**: That the Response is hereby stricken in toto; or alternatively, it is

**ORDERED**: That the following paragraphs are hereby stricken_____

_____
_____

_____         _____
Date                                                                 United States District Court Judge for the
                                                                          District of Columbia