# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL K. JACOBS, et al, <br><br> PLAINTIFFS, <br> v. <br><br> SIDNEY S. FRIEDMAN, et al, <br><br> DEFENDANTS. | CASE NO.: <u>1:07CV01625</u> <br><br> HONORABLE JUDGE: <br> <u>REGGIE B. WALTON</u> <br><br><br> PLAINTIFFS' MOTION TO <br> COMPEL ANSWER TO COMPLAINT |

## PLAINTIFFS' MOTION TO COMPEL ANSWER TO COMPLAINT

COMES NOW the undersigned Plaintiffs who move the Court to issue an order requiring the Defendants to answer the Complaint. The Defendants have filed two motions for a more definite answer and have defined parts of the complaint in these motions. The Complaint is explicit as to dates, times, details, frauds, defendants, some of the witnesses, and the statutes which the Plaintiffs allege have been violated. All of these motions are merely a devise to avoid answering the Complaint and proceeding to discovery. The Plaintiffs aver the following, to-wit:

1. That, first of all, the Defendants appear to be confused even to what case they are referring to since they have failed to file any documents under the proper titles. The first name, and the case under which this case is referred to in the Docket Sheet, is "Samuel K. Jacobs, et al, v. Sidney S. Friedman, et al," not *"Samuel K. Jacobs, et al, v. Shi, et al."*

2. That if the Defendants, and their attorneys, cannot read, or file, under the correct name for the headings, then it is quite evident that they are filing for a more definite answer since they cannot comprehend or have failed to read the names, and the order, of the parties cited on the first page of the Complaint, and in the first heading: "PARTIES I."



3. That even though the characters are the same as that of other cases between these parties, most of this Complaint details the criminal acts of Sidney S. Friedman, Greg I. Rose, Weinstock, or their associates at Friedman & Friedman, P.A., as well as Yelin Shi and Yu Fan. calling and making threats across State lines is a criminal act in violation of the interstate communications laws.

4. That the Plaintiffs further allege that the Defendant Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan violated other laws under the United States Code in attempts to commit theft by conversion through violations of the Fair Debt Collection Practices Act, and formed this conspiracy not only with the other named Defendants, but who have formed a separate conspiratorial enterprise with those in Canada who have threatened to commit murder the Plaintiffs, and bomb an American city.

5. That the Plaintiff's Complaint is replete with explicit to details as to the aforementioned events, and if the Honorable Court desires more proof then the Plaintiffs will gladly supply that testimony and evidence. <u>Plaintiffs allege that the Defendants' Answer is being evaded and discovery is being avoided by the Defendants because a low level of debt collection practices was reached by the Defendants when witnesses were violently threatened by Defendants Sidney S. Friedman and Greg I. Rose of Weinstock, Friedman & Friedman, P.A. on behalf of Yelin Shi and Yu Fan.</u>

6. That the Defendants filed their last filing and cited ten different parts of the Plaintiffs' Response to the Motion For a More Definite Statement. If the Defendants can respond to the Plaintiffs' responses which is as equally detailed, then why can they not respond to a Complaint? Plaintiffs state that to admit the truth in an Answer to the Complaint, or to deny the allegations by failing to admit would incriminate every Defendant.

7. That the Defendants keep demanding that Rule 8 (General Rules of Pleading) and Rule 9 (Pleading Special Matters)(b) averments must be plead together. Plaintiffs repeat once again that a fraud must be plead using particularity, and Defendants' threats to steal equipment from an office or threats of violence were a fraudulent performances to intimidate with fear is a fraud.

8. That Plaintiffs aver that the Defendants are moving to have the Complaint written using Rule 8 (General Rules of Pleading) and Rule 9 (Pleading Special Matters) in the same sentence. Although this may be considered the modern approach to pleading, how can one adequately define the details of a fraud in short concise sentences without leaving some part behind which is essential to explaining why the action was fraudulent?

9. That Plaintiffs state that RICO is complex and they have connected each statute to at least one other statute—this is the procedure which evolved when the civil RICO statutes were enacted. The statutes must be connected and explained, not just cited under "JURISDICTION AND VENUE." There are two main statutes under which ALL RICO statutes are originated. How can there be an accusation pursuant to Title 18 U.S.C.A. § 1962 (Prohibited activities) without citing the prohibited activity? Rule 8 (General Rules of Pleading) simply cannot be applied. White collar criminals are cunning and evasive and civil RICO was enacted to "catch even the smallest fish."

10. That if the Complaint is too complex for the Defendants to comprehend, maybe it is not the Plaintiffs who should be chastised for following the RICO guidelines as detailed in the Department of Justice manuals, (available in any law library), but it is the Defendants who should acquire outside assistance which specializes in RICO. Plaintiffs maintain that the RICO and antitrust cases must be written pursuant to Rule 9 (b) (Pleading Special Matters) and anything else that is short and concise does not give the Defendants enough information to respond adequately.

PLAINTIFFS' MOTION TO REQUIRE ANSWER—Page 3 of 6

11. That Plaintiffs maintain that the Defendants are using this Rule 12(e) demands as a smokescreen to avoid answering direct averments in the Complaint. The problem is that if Defendant Sidney S. Friedman denies that he called and threatened two members of the staff at the Plaintiffs' office the staff members will be brought to testify as witnesses. If he admits that he committed these crimes he is also going to have to answer for his actions. Everyone in the Plaintiffs' office knew of the incident. How embarrassing that a member of the Bar would stoop to such levels as to scream and threaten to steal office equipment from two innocent people who are there as receptionists.

12. That the Defendants once again show disrespect to a U.S. District Court by inferring that the Court should be told what Rule to use to determine the merits of a RICO Complaint; and, this Court, in particular, should not be dictated to since it is knowledgeable of RICO lawsuits having opinioned some of the major RICO precedents in previous cases.

13. *That, also, this "debt collection" law firm obviously is having some difficulty in defending itself for the actions of one of its principals who openly violated the debt collection procedures pursuant to the Fair Debt Collection Practices Act.*

14. That the Plaintiffs are openly aggressive *towards the actions* of the Defendants Yelin Shi and Yu Fan, not the ethnicity. Plaintiffs are complaining that they have been swindled out of large sums of money by these supposedly "well educated" and professional business people who deliberately breached contracts and induced breach of contract. The third parties involved in these contracts are not going to just ignore this situation.

15. That Plaintiffs will not retract the statements made in the previous filing.

a. Can the opposing counsel prove that there was never a transceiver or transmitter located in Yelin Shi and Yu Fan's house at 12922 River Road, Potomac, Maryland in 2004?

b. Can Defendants Yelin Shi and Yu Fan prove that they were never part of the group that gathered defense information from the United States and smuggled it out of the country in architectural drawings?

16. That if the Defendants deny these statements, and they can prove these statements false, then would it not behoove them to want to come forth in a Court and prove their innocence? This is not about the Plaintiffs' distain for an ethnic race; it is about their aversion to a form of political oppression and control which is infiltrating and destroying American businesses.

17. That Defendants deserve the right to counsel to defend themselves, but when the opposing attorneys, and their law firm, knowingly join their clients in their criminal acts, and actually commit new criminal acts in the process, the whole scenario is enlarged to form a whole newly separate enterprise of conspiracy, fraud and deceit. This case is about criminal acts committed by that new RICO enterprise and conspiracy which has been formed by the attorneys for the Defendants.

18. That the Defendants stated that the Plaintiffs did not show that they deserved the amount requested and Plaintiffs assert that they deserve much more than the original amount demanded since Cargill formerly known as Continental Grain will be suing for the inducement of breach of contract by Yelin Shi, Yu Fan, and their coconspirators. The Plaintiffs will join that conglomerate in that law suit and will sue every Defendant, individually and jointly, until they have been justly compensated for all of the injuries and damages.

19. That, if this Honorable Court will permit, the Plaintiffs will submit a copy of the Defendants' "Answer" to Plaintiffs' Complaint in Case Number:1:04cv1379 in the United States District Court for the Eastern District of Virginia where the Defendants stated that they were "*without knowledge or information sufficient to form a belief as to the truth of the averments*" as to

<u>whether the Constitution of the United States and the precedents of the Supreme Court of the United States were valid and admissible.</u>

20. That Plaintiffs assert that the Defendants will continue to file all types of pleadings in order to avoid answering the Complaint and, thus, attempt to have the case dismissed before proceeding to the next step which is discovery. Plaintiffs assert that the Defendants must Answer the Complaint if they are as innocent as they contend they are.

THERFORE, the Plaintiffs beseech the Honorable Court to order the Defendants to make their Answer and make a definite statement as to why they believe that they should not be held accountable for violating the 21 statutes cited in "II. JURISDICTION AND VENUE" of the Plaintiffs' Complaint;

That Plaintiffs state that they should not be denied their day in Court to present their witnesses and other evidence to support the merits of this case as is typical of most RICO and antitrust cases;

That Plaintiffs pray that this case must not be dismissed for minor or baseless claims when the Defendants' acts were criminal in nature and should be tried by jury.

Dated this 17th day of January, 2008.

Respectfully submitted,

Samuel K. Jacobs

Nancy M. Heckerman

OFFICES OF SAMUEL K. JACOBS
2300 M Street NW, Suite 838
Washington, D.C. 20037
Telephone: 202-416-1753
E-mail: sjnhjacobs@msn.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL K. JACOBS, et al, <br><br> PLAINTIFFS, <br> v. <br><br> SIDNEY S. FRIEDMAN, et al, <br><br> DEFENDANTS. | CASE NO.: 1:07CV01625 <br><br> HONORABLE JUDGE: <br> REGGIE B. WALTON <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL ANSWER TO COMPLAINT |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL ANSWER TO COMPLAINT

COMES NOW the Plaintiffs who hereby support their motion to require an answer to their complaint with the following points and authorities:

1. That the Plaintiffs state that they have the right, and the obligation, to detail the events as they occurred and to demand that they be answered, and if not answered, then they are admitted as true pursuant to Rule 8 (d) (General Rules of Pleading).

> The pleader may allege matters alternatively or hypothetically, and except for the good faith requirements of Rule 11, the allegations may even be inconsistent.[1]

2. That the Plaintiffs aver that it is the trier of facts who should make the appropriate decision as to whether the Complaint sufficiently details the facts and events of the cause pleaded to determine the merits of the case, and not the mere evasion by the opposing party to delay the filing of the appropriate answers and other pleadings.

> The pleader cannot be required to elect among his allegations, but is entitled to have all his claims and defenses considered by the trier of facts.[2]

---

[1] Rule 8 (e)(General Rules of Pleading); 5 Wright & Miller, §§ 1282-1285.
[2] *Berry Ref. Co. v. Salemi*, C.A.7th, 1965, 353 F.2d 721; *Fidelity & Deposit Co. of Md. v. Krout*, C.C. A.2d 1945, 146 F.2d 531; 5 Wright & Miller, § 1283.

MEM. OF PTS. & AUTH. IN SUP. OF PLAINTIFFS' MOTION TO REQUIRE ANSWER—Page 1 of 7

3. That the Plaintiffs state that they are allowed to state their grievances and although there is no requirement for the election of remedies, they are allowed to ask for relief.[3]

4. That when the Defendants' denied the Constitution of the United States and the Laws of the United States in their pleadings in Case Number:1:04cv1379 in the United States District Court for the Eastern District of Virginia, the Plaintiffs responded to their "Answer" with the following:

> 7. *That in paragraph 3 the Defendants, and their attorney, admit that they are "without knowledge or information sufficient to form a belief as to the truth of the averments" of the Constitution of the United States or the laws enacted pursuant thereof. The Plaintiffs have never seen an answer like this to a 'Jurisdiction and Venue' section of a complaint and can only implore the Honorable Court to address the issues of why the most important organic act in the United States is not acknowledged nor do the Defendants have any knowledge of it.*
>
> 8. *That in paragraph 4 the Defendants, and their attorney, further deny the existence of the laws enacted pursuant to the Constitution of the United States. Are the Defendants and their attorney denying that they are United States Citizens, or are they under the impression that they do not have to obey the Constitution or the laws of the United States which is, of course, a form of constructive treason?*
>
> 9. *That the Defendants deny averments in Paragraph 5 and claim the venue in this Court is not proper, and then file a counterclaim in the same Court against the Plaintiffs. Plaintiffs refer the Court to paragraph 3. Defendants later in the Counterclaim do not waive their rights to object to the Plaintiffs' pleading pertaining to jurisdiction but they assert that it is okay for them to file under this jurisdiction. Good for the goose, good for the gander?*
>
> 10. *That the Defendants deny the acknowledgment of Amendment VII of the Constitution of the United States as stated in paragraph 6.*[4]
>
> 11. *That in paragraph 7 the Defendants deny the existence of the Attorney General of the United States. Plaintiffs lack an understanding as to why all of these Federal laws, organic acts, and the Department of Justice are being denied in a United States District Court. Do the Defendants think the Plaintiffs' RICO Complaint is a divorce discovery motion that can be answered with deny, deny, deny?*
>
> 12. *That in paragraph 8 the Defendants deny acknowledgment of Gung Sou Wu (Susan Wu) and Cheung Leung Tang (Tony Tang) and yet they have been recorded together over twenty times in the last five months.*[5]

---

[3] Similarly there is no requirement of election of remedies. *Bradbury v. Dennis,* C.A.10th, 1966, 368 F.2d 905; *Gins v. Mauser Plumbing Supply Co.,* C.C.A.2d 1945; Bauman, Multiple Liability, Multiple Remedies, and the Federal Rules of Civil Procedure, 1962, 46 Minn.L.Rev. 729.
[4] Jury trial not to be barred. *Wager v. Pro,* 575 F.2d 882.
[5] Allegations in civil RICO complaint, that defendants had conspired with others to commit series of predicate acts for period of approximately nine years in attempt to maintain interest in and

MEM. OF PTS. & AUTH. IN SUP. OF PLAINTIFFS' MOTION TO REQUIRE ANSWER—Page 2 of 7

13. That in paragraph 9 the Defendants deny knowledge of the treason cases filed against Gung Sou Wu (Susan Wu), et al, in the District of Columbia, and the United States District Court where the actions occurred.[6]

5. That although the Defendants grouped the laws and Court precedents together and then proceeded to not only state their denial of the entire Constitution and the Laws of the United States, they later separated and stated their other objections to several selected Amendments in further paragraphs. Plaintiffs will show in discovery why these blatantly treasonous statements were allowed by that Court, and why that whole case is null and void because of these statements.

6. That judgment is be given according to the evidence, and Rule 15(b) authorizes two different procedures aimed at this common objective and both usually are referred to as "amendments to conform to the evidence."[7]

7. That Plaintiffs state that they applied Rule 9(b) (Pleading Special Matters) to the events and statutes which require this type of pleading because under this Rule 15 the pleadings shall be deemed amended to conform to the proof on any issues that were tried by express or implied consent of the parties, though not raised by the pleadings. " * * * *[A] litigant cannot, for tactical purposes, stand by silently while evidence is being admitted and then claim later that no relief can be given because the matter was not plead."[8]

8. That the Plaintiffs have presented their case based on the details and events of the case, and the merits of the case will be served by allowing these facts and evidence to be admitted since

---

control over union local, were sufficient to satisfy RICO's pattern requirement. *U.S. v. Giglante*, D.N.J.1990, 737 F.Supp. 292.

[6] Conviction of defendant under this chapter did not preclude his being held civilly liable in a private cause of action brought under this section. *Farmers Bank of State of Delaware v. Bell Mortgage Corp.*, D.CDel.1978, 452 F.Supp. 1278.

[7] 1A Barron & Holtzoff (Wright Ed.), § 449.

[8] *Neidland v. U.S.*, C.A.3d, 1964, 338 F.2d 254, 259. See *Lomartira v. American Auto. Ins. Co.*, C.A.2d, 1967, 371 F.2d 550.

MEM. OF PTS. & AUTH. IN SUP. OF PLAINTIFFS' MOTION TO REQUIRE ANSWER—Page 3 of 7

the Defendants will not be prejudiced if they answer the Complaint with their objections. Liberally construed, the pleadings cannot restrict proof of the actual facts of the case if the Rules are adhered to by both parties.[9]

9. That the Defendants make the point for this defense by their own submission of *Conley v. Gibson* which encompasses *Dioguardi v. Durning*[10].

10. That the Defendants motion for a more definite statement demonstrates that they are confused as to whether they want more detailed complaint or a "notice pleading" which the rulemakers reject as being prejudicial to a proper operation of federal procedure, because it is a pure abstraction, without content except as injected by the immediate user, and because it suggests the absence of all pleadings.[11]

11. That the Rules require the pleader to disclose adequate information as the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it. Plaintiffs stated that the Defendants committed certain crimes, the dates of the violations, the laws which were violated, the fact that there are witnesses to the crimes, the history of previous criminal acts relating to the crimes committed, and other evidence which will be supplied in discovery or in court.

---

[9] See, e.g., **Robbins v. Jordan,** C.A.1950, 181 F.2d 793, 86 U.S.App.D.C. 304, where it is held that the proper remedy for surprise form a change of theory is a continuance, and that it is an abuse of judicial discretion to refuse to allow the amendment. Accord: *Green v. Baltimore & O. R. Co.,* C.A.6th, 1962, 299 F.2d 837. But cf. *Thermo King Corp. v. White's Trucking Service, Inc.,* C.A.5th, 1961, 292 F.2d 668; *Hargrave v. Wellman,* C.A.9th, 1960, 276 F.2d 948.
[10] C.C.A.2d 1945, 151 F.2d 501.
[11] *Padovani v. BruchHausen,* C. A.2d, 1961, 263 F.2d 546, 550-551; Clark, Two Decades of the Federal Civil Rules, 1958,58 Col.L.Rev. 435, 450-451.

MEM. OF PTS. & AUTH. IN SUP. OF PLAINTIFFS' MOTION TO REQUIRE ANSWER—Page 4 of 7

12. That it is true that in *Conley v. Gibson*,[12] the Supreme Court referred to "simplified 'notice pleading,'" but in context it is plain that the Court's statement was one of aim rather than definition. Only two sentences before the phrase in question the Court had emphasized that the rules require the complaint to give the defendant *"fair notice of what the Plaintiff's claim is and the grounds upon which it rests."* Thus, the Court recognized that the rule does contemplate the statement of circumstances, occurrences, and events in support of the claim presented, even though it *permits* these circumstances to be stated with great generality.[13] (*Emphasis* added).

13. That although Rule 8 (General Rules of Pleading) and Rule 9 (b)(Pleading Special Matters) must be used to write the Complaint for fraud, the Defendants have oversimplified their pleadings to the point where they neither sufficiency defend their objections nor do they adequately explain their objectives for a more definite pleading. **Oversimplification tends to lower "the standards of pleading to fit the incompetent or lazy lawyer, instead of keeping the standards where pleadings will be of some use to the courts, and making those who wish to practice in the courts meet those standards."** [14]

> Despite the general acceptance of modern pleading, there is always a tendency to imagine that strict pleading rules will save judicial work. This has been seen in recent years with regard to antitrust litigation, stockholders' derivative action, and similar protracted lawsuits, now popularly referred to as "the big Case." These cases do impose a heavy burden on the courts, and a number of district judges have sought to discourage them at the outset by applying strict rules as to the contents of the complaint. In fact such efforts usually resulted

---

[12]

[13] McCaskill, Easy Pleading, 1941, 35 Ill.L.Rev. 28; Fee, The Lost Horizon in Pleading under the Federal Rules of Civil Procedure, 1948, 48 CL.L.Rev. 491; Claim or Cause of Action, 1951, 13 F.R.D. 253; McCaskill, Modern Philosophy of Pleading: A Dialogue Outside the Shades, 1952, 38 A.B.A.J. 123; Dawson, The Place of the Pleading in a Proper Definition of the Issues in the "Big Case," 1958, 23 F.R.D. 430; *Rosen v. Texas Co.*, D.C.N.Y.1958, 161 F. Supp. 55 (per Dimock, J.); Law of Federal Courts by Charles Alan Wright, Hornbook, pg. 287, 1970.

[14] McCaskill, Modern Philosophy of Pleading: A Dialogue Outside the Shades, 1952, 38 A.B.A.J. 123, 125. This expression by Professsor McCaskill is strikingly reminiscent of the views of Sir Montague Crackenthorpe, Q.C.

only in waste of time and much longer pleadings, with any corresponding gain. The sad truth, *is that, tedious and laborious as these cases are likely to prove, there is no real substitute for trial.*[15] (Emphasis added).

14. That the Plaintiffs maintain that while fraud must be particularized, the averments must be simple, concise, and short, and, the details in their Complaint meet these requirements when applicable. However, if the allegations of fraud are not sufficiently particularized, the remedy is not to dismiss the complaint, but to require a more definite statement *or to permit defendant to ascertain the facts by discovery.*[16]

15. That Plaintiffs stated that the Defendants should submit certain information pursuant to Rule 26 (General Provisions Governing Discovery; Duty of Disclosure) of the Federal Rules of Civil Procedure in their Complaint in the Prayer for Relief, and the Defendants have failed to meet this requirement as defined by the new procedures for Discovery.

16. That the Plaintiffs maintain that they have submitted a Complaint which complies with Rule 8 (General Rules of Pleading) and Rule 9 (b)( Pleading Special Matters) and any more information at this point will be what they will probably be required to submit as part of Discovery. Therefore, the Plaintiffs will be at a disadvantage if they are required to submit discovery before the Defendants submit an answer.

17. That if the Plaintiffs submit an amended Complaint for a more definite statement, which will have to include this new discovery which should be submitted at trial, the whole case will be prejudicial against the Plaintiffs since the Defendants will have only "observed" the proceedings instead of properly defending their actions. Therefore, the Plaintiffs maintain that the

---

[15] <u>Law of Federal Courts</u> by Charles Alan Wright, Hornbook, pg. 289, 1970.
[16] *Glus v. Brooklyn Eastern District Terminal*, 1959, 79 S.Ct. 760, 359 U.S. 231, 235, 3 L.Ed.2d 770; *U.S. v. Sonstein*, D.C.Pa.1961,27 F.R.D. 284; *Lynn v. Valentine*, D.C.N.Y.1956, 19 F.R.D. 250; Commentary, Requirement of Particularity in Pleading Fraud, 1943, 6 Fed. Rues Serv. 739.

MEM. OF PTS. & AUTH. IN SUP. OF PLAINTIFFS' MOTION TO REQUIRE ANSWER—Page 6 of 7

allegations be admitted as true since they are avoided, but not denied; and, Plaintiffs will ask for a judgment in their favor for this admission of guilt.

    WHEREFORE, the Plaintiffs pray that the Defendants should not be allowed to commit crimes and then not be held accountable for any of their actions which are in violation of the Federal laws. Plaintiffs plead that the court not be mislead by this trickery and deceit.

Dated this 17th day of January, 2008.

Respectfully submitted,

_____
Samuel K. Jacobs

_____
Nancy M. Heckerman

OFFICES OF SAMUEL K. JACOBS
2300 M Street NW, Suite 838
Washington, D.C. 20037
Telephone: 202-416-1753
E-mail: sjnhjacobs@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2008, I caused the foregoing to be served by First Class U.S. Mail: "PLAINTIFFS' MOTION TO COMPEL ANSWER TO COMPLAINT" in the United States District Court for the District of Columbia on the following Defendants' attorney:

SIDNEY S. FRIEDMAN
WEINSOTCK, FRIEDMAN & FRIEDMAN, P.A.
Executive Centre
4 Reservoir Circle
Baltimore, Maryland 21208-7301

_____
Nancy Heckerman, Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL K. JACOBS, et al, | CASE NO.: <u>1:07CV01625</u> |
| PLAINTIFFS,<br>v. | HONORABLE JUDGE:<br><u>REGGIE B. WALTON</u> |
| SIDNEY S. FRIEDMAN, et al,<br><br>DEFENDANTS. | ORDER |

## ORDER

On reading and filing the pleadings herein, and notice of this motion [and proof of due service], and on motion of Samuel K. Jacobs and Nancy Heckerman, the Plaintiffs, after hearing Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan in opposition:

ORDERED, that the Defendants file an Answer to the Complaint herein, within _____ days from service of a copy of this order.

That the Clerk of this court hereby is ordered and directed to immediately certify and enter a copy of this order, and that the parties be ordered to proceed with the case from this day forward.

Done and ORDERED this _____ day of _____, 2001.

_____
JUDGE OF THE U. S. DISTRICT COURT