# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL K. JACOBS, et al, <br><br> PLAINTIFFS, <br> v. <br><br> SIDNEY S. FRIEDMAN, et al, <br><br> DEFENDANTS. | CASE NO.: 1:07CV01625 <br><br> HONORABLE JUDGE: <br> REGGIE B. WALTON <br><br> **PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO COMPEL ANSWER** |

## PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO COMPEL ANSWER

COMES NOW the Plaintiffs who hereby state the following in reply to the Defendants' response of denial to answer for their actions and the Complaint. The Defendants state that there has been no new evidence submitted by the Plaintiffs other than the allegations of the violations of the 21 laws so stated in the Complaint. and Plaintiffs state the following, to-wit:

1. **That Defendants state that there is no new evidence to support the Plaintiffs' allegations in their complaint and Plaintiffs hereby submit new evidence for this case. The Plaintiffs state that they have gathered information by private investigative sources which has revealed that there are at least forty-five other cases which are pending or have been filed with the Attorneys General of a State, or the Attorney General of the United States, against Sidney S. Friedman, Greg I. Rose, and Weinstock, Friedman & Friedman, P.A. for violations of the Fair Debt Collection Practices Act, and other parts of the Consumer Protection Act. Therefore, there are at least 45 more reasons why this case is of general public importance to the Attorney General of the United States under Title 18 U.S.C.A. § 1966 (Expedition of actions) and Title 18 U.S.C.A. § 1962 (Prohibited activities).**

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO COMPEL ANSWER—Page 1 of 7

2. That the Defendants are attempting to have this case thrown out of court since Sidney S. Friedman, Greg I. Rose, and other members of Weinstock, Friedman & Friedman, P.A., are aware that the Plaintiffs have witnesses who will testify that they were threatened with violence and other fraudulent and deceptive means as victims of this "debt collection" service.

3. That the Defendants have no defense for their criminal actions of threats of violence. An ethical and proficient attorney can win a case by expounding the case in such a manner that the Court rules in his favor due to the technical expertise and professionalism in the presentation of the facts and evidence. The Defendants know that a Court would not entertain a defense based upon threatened or actual violence, harassment, or fraudulent force to win a case—especially by an attorney.

4. That Defendants Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., are embarrassed to have to explain why they operate in violation of the laws of the United States in a United States District Court and are, therefore, filing these pleadings to avoid answering this question. The Complaint is correctly filed, but what possible answer can the Defendants give to justify the blatant violation of the Fair Debt Collection Practices Act and other laws under which this firm is supposedly governed?

5. That the Plaintiffs state that if this case is dismissed based just on the word of the Defendants, just because some of them are attorneys, then the parties are not equally and fairly represented. If necessary, the Plaintiffs will ask as many of the other 45 victims, who are still available, to join them in the filing of a new class action lawsuit which will prove the extent and severity of violations of the Fair Debt Collection Practices Act that these "debt collectors" routinely practice through a pattern of racketeering activities. *Plaintiffs state that these victims are*

*only the ones who have complained since not all of the victims filed a grievance because they did not know that they could.*

6. That this case will not disappear, it will grow exponentially until justice is served. Some of these victims have nothing left to lose due to the actions of these Defendants and will be gratified to know that their testimony and participation may not bring back what they have lost, but that others will not suffer from the same criminal acts of these "debt collection" practices violators. If the Defendants had just answered the Complaint and proceeded appropriately these other victims would probably not have been submitted.

7. **That Plaintiffs would have fought their own battle alone in this case. But when the Defendants demanded new evidence or have the case dismissed at an early stage, the Plaintiffs are asking the Court that they be allowed to acquire these names from the appropriate authorities and submit the testimony of these victims as proof that this truly a RICO case because there is a pattern of racketeering activity over a period of at least ten years.**

8. That the Plaintiffs assert that when this case is fully and fairly heard, and is adjudged by a jury of their peers, this ruling will be of general public importance because other similar firms such as this all over the country are using this same and other forms of tyrannical oppression in open and blatant defiance of the Federal laws, and until there is at least one case where these criminal activities are punished, the crimes will not only continue, they will expand in scope and damage to other victims.

9. That the Plaintiffs aver that these "debt collectors" are scavengers living on the fear and oppression of others. There is no reason why an attorney should rejoice and brag about the taking

of the property of victims through what he knows are not only deceptive and fraudulent methods, but downright illegal procedures.

10. That if this court does not allow this case to go forward, then what case will qualify to stop these open violations of the laws? If this court does not take action *now* to stop these debt collection "practices," then *when*? At a time when there are millions who are losing their jobs and homes throughout the whole country, these victims are easy prey because they cannot afford an attorney to represent them in court. This is their court, and, for some people, the only way they will have an opportunity to be heard and defended will be through this Honorable Court's precedent.

11. That a precedent established in this court will operate to:

a) force these "debt collection" firms to act within the boundaries of the law and decency as dictated by the Fair Debt Collection Practices Act when attempting to collect a debt and will prohibit these firms from collecting these debts through threats of violence, harassment, embarrassment, and bills of Attainder; and,

b) insure the debtors that they cannot be commanded to pay more than is legally due, and that they will not be forced to pay excessive amounts of interest and other "fees" in violation of the usury laws.

12. <u>That this is not a case about avoiding the repayment of debts; it is about abusive "debt collection" practices to collect money through outrageous and unlawful means which have reached epidemic proportions.</u> Violations of the usury laws are rampant through the fear induced by criminals calling themselves "debt collectors."

## CONCLUSION

13. That is this really the imagine that the ABA had in mind when they sanctioned this "debt collection" label for members of their profession? Everyone is allowed to make a living and solicit business, but to these Plaintiffs, and others, the attorney who uses "debt collection" as a license to violate the laws is not an "Attorney at Law" but someone who believes that he is an "Attorney above the law."

14. That the Plaintiffs have the right to a full trial by jury and to request the result of this investigation during discovery for these fraudulent, threatening, and deceptive debt collection practices, and the Honorable Court should not be deceived into thinking that these are the Plaintiffs are the only victims; Plaintiffs are the only victims who have surprised the Defendants by retaliating against their actions.

15. That the Plaintiffs affirm that they have sued these Defendants before and these Defendants do not cease in committing criminal activities through a pattern of racketeering activities. Defendants Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan know exactly how they were awarded the judgments that they claim, and is it not strange that they resorted to these actions, which displayed not only their own admission that their case was so weak that it could not be won on merit, but that they also lacked enough confidence in their own capabilities to defend the case against upon the real evidence and facts?

16. **That Plaintiffs very respectfully remind the Court that the basis of this Complaint was about the Defendants' verbal attack through wire fraud to the Plaintiffs' staff members about a disputed debt between the Plaintiffs and Defendants Yelin Shi and Yu Fan. The two persons who were threatened the most violently had no knowledge of any dispute, nor had they ever met any of these Defendants in person.**

17. That the modus operandi of debt collector Defendants Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., is to violently attack and threaten anyone who answers the telephone at the address of the designated victim, regardless of whether the person who answers the telephone and being attacked is a party to the action.

18. That the actions of Defendants Sidney S. Friedman, Greg I. Rose, and Weinstock, Friedman & Friedman, P.A. are dictated by the assumption that if they attack any person related to their intended victim, either by wire or mail fraud, the intended victim will be told of the incident and will be so embarrassed and humiliated that he or she will agree to pay any amount necessary to keep the "debt collector" from attacking again. *Is "debt collection" just a new name for a white collar crime named "extortion racket"?*

19. That Plaintiffs' complaint deserves the scrutiny of this court, as well as Attorneys General of the appropriate States and Attorney General of the United States, and the Plaintiffs only ask for their day in court to submit all of their evidence so a fair and impartial decision can be reached which may aid others who also must be given that chance for that day in court.

WHEREFORE, the Plaintiffs pray:

A. That the Plaintiffs be Ordered to follow procedure to issue subpoenas to the Attorneys General of Maryland and the Attorney General of the United States to provide the Honorable Court with this new and compelling evidence in order to justify the merits of this case through a number of related incidents and cases, and to prove the pattern by which the Plaintiffs allege that the Defendants Sidney S. Friedman, Greg I. Rose, and Weinstock, Friedman & Friedman, P.A. perform their "debt collection" practices is in violation of the Fair Debt Collection Practices Act.;

B. That the Court decide if this will necessitate a revision to the original pleading to include these new parties as either additional Plaintiffs or later as witnesses; and,

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO COMPEL ANSWER—Page 6 of 7

C. For any other actions which the Honorable Court may deem appropriate.

Dated this 1st day of February, 2008.

Respectfully submitted,

*[signature]*  
Samuel K. Jacobs

*[signature]*  
Nancy M. Heckerman

OFFICES OF SAMUEL K. JACOBS
2300 M Street NW, Suite 838
Washington, D.C. 20037
Telephone: 202-416-1753
E-mail: sjnhjacobs@msn.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL K. JACOBS, et al, <br><br> PLAINTIFFS, <br> v. <br><br> SIDNEY S. FRIEDMAN, et al, <br><br> DEFENDANTS. | CASE NO.: 1:07CV01625 <br><br> HONORABLE JUDGE: <br> REGGIE B. WALTON <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO COMPEL ANSWER |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO COMPEL ANSWER

COMES NOW the Plaintiffs who hereby submit this Memorandum of Points and Authorities in support of their reply to Defendants' response to Motion to Compel an Answer to the Complaint, and state the following, to-wit:

1. That the Plaintiffs aver that their Complaint is not about any debt but about the manner in which the Defendants Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan, and their staff, have victimized the Plaintiffs and their staff through verbal assignations, threats of violence, and harassment in violation of the Fair Debt Collection Practices Act in the collection of a debt. Plaintiffs have stated these allegations clearly and succinctly in their Complaint pursuant to Rule 9 (b) (Pleading Special Matters).

> Rule 9 contains special provisions, which are largely self-explanatory, as to pleading such matters as capacity, fraud or other condition of mind, conditions precedent, official document or act, judgment, time and place, and special damage.[1] Of these provisions, the only one that has given any difficulty is Rule 9 (b), which says that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

---

[1] 5 Wright & Miller, §§1291-1315.

MEM. OF POINTS & AUTH. IN SUP. OF PLS.' REPLY TO DEFS.' OPPOS. TO COMPEL ANSW.—Page 1 of 4

2. That, therefore, these Defendants do not want a day in court because that day would reveal the truth behind this case. Defendants are evidently going to file under every one of the 86 Rules of the Federal Rules of Civil Procedure (if applicable) to avoid answering this Complaint. The Plaintiffs state that the most compelling evidence will be not just these written words, but the testimony of not only the Plaintiffs' own witnesses but the other witnesses who have also been victimized by Defendant Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A. over the years who will be brought forth to testify at the trial.

> "by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." [2]

3. That under the laws governing RICO Complaints, (Title 18 U.S.C.A. § 1961(5) (Definitions)), there is no statute of limitations involved as long as there was at least two acts of racketeering activity *"the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity;"*

> Evidence is admissible if the statutes of the United States so provide. There are not many such statutes. The most important are those which deal with the admission of particular kinds of records,[3] and especially the business records statute,[4] which, though varyingly and sometimes too restrictively construed,[5] greatly simplifies the admission of routine business records made contemporaneously by persons charged with the duty of making them.

4. That in the special matters of fraud, as generally, the aim of the rules to deemphasize the pleadings and to try the case on the proofs must be kept in mind.

---

[2] 2 Wright, § 402.
[3] 2B Barron & Holtzoff (Wright Ed.), § 971.
[4] Title 28 U.S.C.A. § 1732.
[5] E.g., *Palmer v. Hoffman*, 1943, 63 S.Ct. 477, 318 U.S. 109, 87 L.Ed. 645, 144 A.L.R. 719.

MEM. OF POINTS & AUTH. IN SUP. OF PLS.' REPLY TO DEFS.' OPPOS. TO COMPEL ANSW.—Page 2 of 4

> "it is the established rule that in passing upon whether there is sufficient evidence to submit an issue to the jury we need look only to the evidence and reasonable inferences which tend to support the case of a litigant against whom a peremptory instruction has been given."[6]

5. That the Defendants are attempting to have this case thrown out of court since they are aware that there are witnesses who will testify that they too were threatened and deceived victims of this debt collection service which advertises itself as a bargain basement legal professional for a once a year fee. The Defendants are attempting to form a trap for the unwary Plaintiffs and thus cause the Plaintiffs to lose their day in Court.

> The Supreme Court itself has said that "whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference.[7]

6. That the Defendants' pleadings do not meet the criteria to have this case dismissed just upon their say so. Where is their evidence? Where are their witnesses to disprove the Plaintiffs' allegations?

> Many of the district courts have met this situation by adoption of a local rule requiring the moving party to submit a brief or memorandum in support of his motion, at the time the motion is made.[8]

7. That Plaintiffs state that under Rule 26 (General Provisions Governing Discovery; Duty of Disclosure) they will demand a list of all of the other victims that have been victimized by these Defendants.

---

[6] *Wilkerson v. McCarthy*, 1949, 69 S.Ct. 413, 415, 336 U.S. 53, 93 L.Ed. 497.
[7] *Lavender v. Kurn*, 1946, 66 S.Ct. 740, 744, 327 U.S. 645, 653, 90 L.Ed. 916. See also Comment, Directed Verdicts and the Right to Trial by Jury in Federal Courts, 1964, 42 Texas L.Rev. 1053, 1063.
[8] *Mitchell v. Public Serv. Coordinated Transp.*, D.C.N.J.1952, 13 F.R.D. 96. **These local rules cannot be applied as a trap for the unwary and cause a litigant to be deprived of a day in court.** *Woodham v. American Cystoscope Co.*, C.A.5th, 335 F.2d 551.

THERFORE, the Plaintiffs submit this Memorandum of points and authorities in support of their "PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO COMPEL ANSWER."

Dated this 1st day of February, 2008.

Respectfully submitted,

*Samuel Jacobs by NH*
Samuel K. Jacobs

*Nancy Heckerman*
Nancy M. Heckerman

OFFICES OF SAMUEL K. JACOBS
2300 M Street NW, Suite 838
Washington, D.C. 20037
Telephone: 202-416-1753
E-mail: sjnhjacobs@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2008, I caused the foregoing to be served by First Class U.S. Mail: "PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO COMPEL ANSWER." in the United States District Court for the District of Columbia on the following Defendants' attorney:

SIDNEY S. FRIEDMAN
WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A.
Executive Centre
4 Reservoir Circle
Baltimore, Maryland 21208-7301

_____
Nancy Heckerman, Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SAMUEL K. JACOBS, et al,** <br><br> PLAINTIFFS, <br> v. <br><br> **SIDNEY S. FRIEDMAN, et al,** <br><br> DEFENDANTS. | CASE NO.: <u>1:07CV01625</u> <br><br> HONORABLE JUDGE: <br> <u>REGGIE B. WALTON</u> <br><br> **ORDER** |

## ORDER

On reading and filing the pleadings herein, and notice of this motion, the Defendants in response, and the Plaintiffs in reply, and for good cause showing

ORDERED, that the Court will allow the Plaintiffs the time to procure the names and evidence of others so similarly situated for this cause from the appropriate authorities, and,

ORDERED, that the Defendants file an Answer to the Complaint herein, within _____days from service of a copy of this order.

That the Clerk of this court hereby is ordered and directed to immediately certify and enter a copy of this order, and that the parties be ordered to proceed with the case from this day forward.

Done and ORDERED this _____day of _____, 2001.

_____
JUDGE OF THE U. S. DISTRICT COURT