**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|  |  |  |
|---|---|---|
| | ) | |
| SAMUEL K. JACOBS and | ) | |
| NANCY M. HECKERMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1625  (RBW) |
| | ) | |
| SIDNEY S. FRIEDMAN, et al. , | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**ORDER**

Samuel K. Jacobs and Nancy M. Heckerman, the plaintiffs in this civil lawsuit

representing themselves pro se, seek damages of "at least $6,230,000.00" plus costs "in the

amount of $3,000,000.00," Amended Complaint for Conspiracy under Racketeering Influenced

Act and Corrupt Organizations Act (RICO) (the "Compl.") at 48, for alleged violations of the

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 (2000) ("RICO"),

id. at 3, ¶¶ 91-109, and aiding and abetting RICO violations, id. ¶¶ 110-12.  Currently before the

Court is the defendants' motion for a more definite statement pursuant to Federal Rule of Civil

Procedure 12(e),[1] their motion to strike the plaintiffs' opposition to the defendants' motion for a

more definite statement pursuant to Federal Rule of Civil Procedure 12(f), and the plaintiffs'

motion to compel the defendants to file an answer to their amended complaint.  After carefully

considering the plaintiffs' amended complaint, the parties' motions, and the memoranda of law

and exhibits thereto, the Court concludes that it must deny the plaintiffs' motion to compel, deny

---

[1] For reasons that are unclear, the Clerk of the Court docketed the defendants' motion for a more definite statement
twice, first as a motion for a more definite statement and then a second time as a "motion for order."  Because these
two filings are identical, the Court will strike the latter motion as a nullity.

the defendants' motion to strike the plaintiffs' opposition, and grant the defendants' motion for a

more definite statement for the reasons that follow.

At the outset, the Court rejects the notion, advanced by the plaintiffs in their motion to

compel, that it should "order the [d]efendants to make their [a]nswer and make a definite

statement as to why they believe that they should not be held accountable for violating the 21

statutes cited in [part II] of the [p]laintiffs' [amended c]omplaint."  Plaintiffs' Motion to Compel

Answer to Complaint at 6.  In the first instance, this Court has no authority to compel the

defendants to file a pleading.  Rather, the plaintiffs may seek the entry of a default by the Clerk

of the Court and the entry of default judgment on their behalf <u>if, and only if, the defendants fail

to respond to the plaintiffs' amended complaint in the manner required by Rule 12</u>.  <u>See</u> Fed. R.

Civ. P. 55 (setting forth the conditions under which and the procedures whereby a plaintiff may

obtain judgment by default).

Second, the defendants in this case <u>have</u> responded to the plaintiffs' amended complaint

within the meaning of Rule 12.  That rule provides that a defendant must serve his answer on a

plaintiff "within 20 days after being served with the summons and the complaint," Fed. R. Civ.

P. 12(a)(1)(A)(i), <u>unless</u> he "serv[es] a motion under [Rule 12]," in which case the answer "must

be served within 10 days after notice of the court's action" if the district court denies the motion

or "within 10 days after the more definite statement is served" if the motion in question is a

motion for a more definite statement (<u>i.e.</u>, the type of motion filed by the defendants in this case)

and the district court grants the motion, Fed. R. Civ. P. 12(a)(4).  Thus, the defendants do not

need to file an answer to the plaintiffs' amended complaint until at least ten days have passed

since the entry of this order.  Accordingly, the plaintiffs' motion to compel must be denied.

The defendants' motion to strike the plaintiffs' opposition to their motion for a more definite statement on the grounds that the opposition "is replete with immaterial, impertinent, and scandalous matter," Motion to Strike Plaintiffs' Response to Motion for a More Definite Statement at 1, is also without merit.  Rule 12(f) permits a district court to "strike from a <u>pleading</u> . . . any redundant, immaterial, impertinent, or scandalous matter."  (Emphasis added).  It does not apply to motions or memoranda of law.  <u>See</u> Fed. R. Civ. P. 7 (distinguishing pleadings from motions and other papers); <u>see also</u> <u>Baloch v. Norton</u>, 517 F. Supp. 2d 345, 348 n.2 (D.D.C. 2007) ("a motion to strike pursuant to [] Federal Rule[] of Civil Procedure 12(f) is limited to pleadings"); <u>Modaressi v. Vedadi</u>, 441 F. Supp. 2d 51, 54 n.2 (D.D.C. 2006) (denying the plaintiff's motion to strike the defendant's motion to dismiss "under the plain language of Rule 12(f)"); <u>Nwachukwu v. Rooney</u>, 362 F.  Supp. 2d 183, 190 (D.D.C. 2005) ("Because the defendants' reply memorandum is not a pleading, as defined in Federal Rule of Civil Procedure 7(a), and motions to strike apply only to pleadings, the plaintiff's motion to strike is improperly directed at the defendants' reply.").

The defendants' motion for a more definite statement stands on firmer legal ground.  Federal Rule of Civil Procedure 8 requires a plaintiff to state a claim for relief containing, <u>inter alia</u>, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The rule "afford[s] a plaintiff, and particularly one with <u>pro</u> <u>se</u> status, broad discretion in framing his claims for relief."  <u>Hilska v. Jones</u>, 217 F.R.D. 16, 21 (D.D.C. 2003).  Because of this relaxed pleading standard, motions for a more definite statement under Rule 12(e) "are typically disfavored by courts," <u>Rahman v. Johanns</u>, 501 F. Supp. 2d 8, 19 (D.D.C. 2007), with the basis for granting such a motion being "unintelligibility, not mere lack of detail," <u>Towers Trent Ass'n v. Towers Ltd. P'ship</u>, 563 F. Supp. 566, 569 (D.D.C. 1983).  Nevertheless,

it is appropriate to require a plaintiff to file a more definite statement where the plaintiff's

complaint "is so . . . ambiguous that the [defendants] cannot reasonably prepare a response," Fed.

R. Civ. P. 12(e), particularly where fraud is alleged, see Fed. R. Civ. P. 9(b) (requiring a party to

"state with particularity the circumstances constituting fraud or mistake").

      Having reviewed the plaintiffs' amended complaint several times in detail, the Court

concludes that this is one of those rare occasions in which it is necessary to require a more

definite statement from the plaintiffs.  As the defendants accurately state in their memorandum

of law in support of their motion:

> [T]he purported allegations contained in the [a]mended
> [c]omplaint[] are an incoherent mix of narrative, interlaced with
> improper legal conclusions and citations to state and federal case
> law, numerous federal statutes, the [United States] Constitution,
> secondary sources, and allegations of various torts of invasion of
> privacy, fraud on a court, and breaches of contract, among others.
> Some alleged causes of action are placed under separate headings
> of a count, while others are interspersed throughout the rest of the
> [a]mended [c]omplaint, including introductory paragraphs.
> Citations in the [a]mended [c]omplaint are to diverse
> statutes, . . . from the RICO statute to the Fair Debt Collection
> Practices Act, with no factual allegations in support, leaving
> [the d]efendants, individually and collectively, to guess what it is
> exactly that they are being accused of [sic].  The
> [amended c]omplaint . . . contains citations to approximately thirty
> statutes, plus citations to federal and state case law and secondary
> sources scattered throughout.  Of the approximately thirty statutes
> cited, there is no clear statement [as to] how these statutes apply to
> these [d]efendants, nor is there a statement as to which
> [d]efendants are allegedly liable on which claims.

Memorandum of Law in Support of Defendants' Motion for a More Definite Statement at 7-8.

      In short, the plaintiffs' amended complaint is all but impenetrable.  As best the Court can

discern, the plaintiffs allege that the defendants, who consist of married couple Yelin "Jack" Shi

and Yu Fan, Compl. ¶¶ 5(d)-(e), and the lawyers who represent them, id. ¶¶ 5(a)-(c), formed a

conspiracy of an unclear nature and purpose with two Canadian residents, Vijay and Dilip Patel,

id. ¶ 70, pursuant to which they have somehow violated the civil RICO statute through their

pursuit of oppressive debt collection practices against the plaintiffs, see id. ¶ 14 (alleging that

"the 'debt collection' enterprise of [the lawyers representing Shi and Fan] ha[s] operated against

the[ p]laintiffs as a 'protection' service for [Shi and Fan]"); id. ¶ 81 (alleging that "Yelin Shi and

Yu Fan conspired with the other individual [d]efendants . . . who used [] Weinstock, Friedman &

Friedman, P.A. as the catalyst for the main RICO enterprise," which was "then used by the

[d]efendants to form separate and new RICO enterprises").  The plaintiffs apparently believe that

the defendants engaged in three separate instances of wrongdoing: (1) allegedly stealing the

plaintiffs' personal banking information, id. ¶¶ 17-19, 49-51, (2) allegedly making a series of

harassing phone calls, id. ¶¶ 20-21, 23, 25, 28, 40, and (3) obtaining an allegedly fraudulent

judgment against the plaintiffs in Maryland state court, id. ¶¶ 54-59.  But this is at best an

educated guess on the Court's part given the scattershot nature of the plaintiffs' relatively few

factual allegations.

        The Court will therefore grant the defendants' motion and direct the plaintiffs to file a

second amended complaint making a more definite statement of their claims within thirty days of

the entry of this order.  The Court will further direct the defendants to file an answer or

responsive motion to any second amended complaint timely filed by the plaintiffs within ten

days of service of the second amended complaint.  See Fed. R. Civ. P. 12(a)(4)(B) ("if the

[district] court grants a motion for a more definite statement, the responsive pleading must be

served within 10 days after the more definite statement is served").  If the plaintiffs fail to file a

second amended complaint within the time prescribed, the Court will dismiss their amended

complaint with prejudice for lack of prosecution pursuant to Federal Rule of Civil Procedure 41

and close this case.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply

with . . . a court order, a defendant may move to dismiss the action or any claim against it."); Gardner v. United States, 211 F.3d 1305, 1308 (D.C. Cir. 2000) (recognizing a district court's authority to dismiss a complaint sua sponte under Rule 41 "after less dire alternatives have been explored without success" (internal quotations and citation omitted)); see also Proctor v. Millar Elevator Serv. Co., 8 F.3d 824, 826 (D.C. Cir. 1993) ("by the plain language of Rule 41(b), [an] order dismissing [a] complaint 'operates as an adjudication upon the merits'" (quoting Fed. R. Civ. P. 41(b))).

    In crafting their second amended complaint, the plaintiffs should adhere to the following guidelines.[2]  First, they need not and should not reference any legal authority in their second amended complaint other than those statutes which, in their opinion, give rise to a claim for relief.  See Rahman, 501 F. Supp. 2d at 16-17 ("'[T]he liberal concepts of notice pleading embodied in the Federal Rules do not require the pleading of legal theories,' but instead require only the pleading of basic factual allegations." (quoting Emagran S.A. v. F. Hoffman-LaRoche, Ltd., 388 F.3d 337, 341 (D.C. Cir. 2004)).  The plaintiffs' numerous citations and quotations to case law and criminal statutes that are not at issue in this civil lawsuit should be excised completely from the second amended complaint.

    Second, the plaintiffs should refrain from making sensational accusations against any of the defendants or any third parties unless the allegations are relevant to the plaintiffs' claims and the plaintiffs have a good faith belief that they can prove these allegations at trial.  See Cobell v. Norton, 224 F.R.D. 266, 282 (D.D.C. 2004) (holding that allegations may be stricken as "scandalous" within the meaning of Rule 12(f) when "it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation, . . . or [where] it can be

---

[2]  Having determined that the defendants' motion for a more definite statement should be granted, the Court may, "in [its] discretion, . . . require such detail as may be appropriate in [this] particular case."  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

shown that no evidence in support of the allegations would be admissible" (internal quotations and citations omitted)).  Thus, allegations such as, "Yu Fan's real estate firms are financed through factions in China and established for the purpose of money laundering enterprises and arranging property purchases . . . for aliens who are either not registered in the United States immigration offices, or are involved in criminal activities," Compl. ¶ 46, and, "Vijay Patel ha[s] already been charged with committing acts of violence in Canada against his wife[] and . . . ha[s] joined an Al[-]Qaeda coalition," id. ¶ 73, should be removed from the plaintiffs' factual allegations unless the plaintiffs have some factual basis—not idle speculation, but an actual basis in fact—that these allegations are true.  See Cobell, 224 F.R.D. at 282 (collecting cases in which this Court has struck scandalous allegations for lack of an evidentiary foundation).  If the plaintiffs reiterate these types of allegations in their second amended complaint without explaining the factual basis for them, the Court will enter an order sua sponte directing the plaintiffs' to show cause why the Court should not strike them pursuant to Rule 12(f).

Finally, the plaintiffs should attempt, to the greatest extent possible, to organize and present their factual allegations giving rise to a claim for relief in a coherent manner.  For example, they should state how and when the defendants conspired to form a racketeering enterprise, how and when the defendants committed wire or mail fraud, and use similar formatting for all other claims being asserted by the plaintiffs against the defendants.  Moreover, rather than attempting to justify the viability of their legal theories or posit rhetorical questions for dramatic effect, e.g., Compl. ¶¶ 15-16, 50, the plaintiffs should restrict themselves to a simple and orderly presentation of the facts (the "who, what, where, and why" of any allegations they assert) that, in their opinion, give rise to a cause of action at law.  Once the plaintiffs have identified the salient facts in this case in the coherent and comprehensible manner prescribed by

the Court, the defendants will be in a position to decide whether to challenge the viability of the

plaintiffs' claims or answer the allegations levied against them.

      Accordingly, it is

      **ORDERED** that the plaintiffs' motion to compel and the defendants' motion to strike the

plaintiffs' opposition to the defendants' motion for a more definite statement are **DENIED**.  It is

further

      **ORDERED** that the defendants' motion for a more definite statement is **GRANTED**,

and that their duplicative motion seeking the same relief is **STRICKEN** as a nullity.  It is further

      **ORDERED** that on or before August 11, 2008, the plaintiffs shall file their second

amended complaint in accordance with the Court's instructions set forth above.  It is further

      **ORDERED** that if the plaintiffs do not file their second amended complaint by the date

indicated above, the Court will treat the plaintiffs' failure to file that pleading as a concession

that they no longer wish to prosecute this case, and will dismiss the plaintiffs' complaint with

prejudice and close this case without further notice to the plaintiffs.  It is further

      **ORDERED** that if the plaintiffs timely file their second amended complaint, the

defendants shall file their answer or responsive motion within ten days of service of that

pleading.

      **SO ORDERED** this 10th day of July, 2008.

                                           REGGIE B. WALTON
                                         United States District Judge