IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | | |
|---|---|---|---|
| **SAMUEL K. JACOBS, et al** | * | | |
| | * | | |
| **Plaintiffs** | * | | |
| | * | | |
| v. | * | | |
| | * | | |
| **FRIEDMAN, et al** | | * | |
| | * | | |
| **Defendants** | * | Case No.: 1:07-CV-01625 | |
| | * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO DISMISS

NOW COMES, Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan, Defendants, by and through their attorneys, Sidney S. Friedman and Weinstock, Friedman & Friedman, P.A., and pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), herein moves this Court to dismiss Plaintiffs' Complaint with prejudice, and for cause states as follows:

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Therefore, Plaintiffs' claims fail as a matter of law and must be dismissed.

WHEREFORE, Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan, Defendants, request this Honorable Court to:

A. Dismiss Plaintiffs' Amended Complaint with prejudice;

B. Alternatively, dismiss individual party Defendants with prejudice;

  C.  Grant Defendants attorneys fees and costs;

  D.  Other and such further relief as this Court deems proper.

          Respectfully submitted,


          /S/ Sidney S. Friedman
          Sidney S. Friedman
          DC Federal Bar No.: 464753

          Weinstock, Friedman & Friedman, P.A.
          4 Reservoir Circle
          Baltimore, Maryland 21208
          (410) 559-9000
          (410) 559-9009 Fax
          ssf@weinstocklegal.com

          Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **SAMUEL K. JACOBS, et al** | * | |
| | * | |
|     **Plaintiffs** | * | |
| | * | |
|   v. | * | |
| | * | |
| **SHI, et al** | * | |
| | * | |
|     **Defendants** | * | Case No.: 1:07-CV-01625 |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS**</u>

<u>**I.  INTRODUCTION**</u>

    This dispute began several years ago as a collection matter in which Mr. Shi and Ms. Fan attempted to recoup a loan they made to Plaintiffs[1].  In response to a debt collection letter, Plaintiffs filed a complaint that is strikingly similar to the instant complaint, in the United States Federal Court for the Eastern District of Virginia[2], and Defendants Shi and Fan filed a counterclaim seeking repayment of the $140,000.00 loan.  Following a bench trial that Plaintiffs failed to attend, the court dismissed Plaintiffs' complaint with prejudice, and following sworn testimony, entered judgment in favor of Defendants.  Plaintiffs then filed various post-trial motions, which were denied, and following an appeal to the 4th Circuit, the judgment was

---

[1]  Defendants will refer to various pleadings and motions, however, given the length of these documents, Defendants will not attach copies.

[2]  United States Federal Court for the Eastern District of Virginia, Case No. 04-1379.

affirmed[3].

On March 20, 2007, through their attorneys, Mr. Shi and Ms. Fan filed a Request to Record Foreign Judgment in the Circuit Court for Montgomery County Maryland[4]. Plaintiffs filed various motions to attempt to block the recording of the judgment and the subsequent issuance of writs of attachment, all of which were denied by the circuit court. Plaintiffs have appealed that case to the Court of Special Appeals of Maryland[5], which is pending, with oral argument scheduled for September 2008. They also filed a separate pleading in the Circuit Court, styled as a Counterclaim to the enrollment of the foreign judgment obtained in the original case. In addition, Plaintiffs attempted to once again re-litigate the same exact issues that were disposed of by the Virginia federal court and through the subsequent appeal in which the judgment was affirmed, by filing a Rule 60 motion/petition, which was denied by the Virginia federal court[6]. Plaintiffs also appealed this denial, which was ultimately affirmed by the appellate court[7]. In addition to the instant case, Plaintiffs filed a separate case in this Court against Mr. Friedman and his wife, in a misplaced effort to seize their real property located in the State of Maryland[8].

What Plaintiffs have churned into multiple lawsuits is not the complex matter that

---

[3] Fourth Circuit, Appeal No. 05-1858.

[4] Enrolled judgment, Case No.: 280832-V.

[5] Court of Special Appeals of Maryland, November Term, No. 2087.

[6] United States Federal Court for the Eastern District of Virginia, Case No. 07-395.

[7] Fourth Circuit, Appeal No. 07-1942.

[8] United States Federal Court for the District of Columbia, Case No. 07-2057.

Plaintiffs attempt to portray. In fact, it is quite simple. Mr. Shi and Ms. Fan were successful in their counterclaim against Plaintiffs, and are attempting to collect the judgment that was entered by the federal court in Virginia. Plaintiffs lawsuits are in retaliation for attempts at collecting a legal debt.

Although Plaintiffs have filed an Amended Complaint, it yields little in the way of clarity for Defendants to frame a response. Despite its being "completely rewritten," it remains largely incoherent and difficult to parse, especially in determining which conduct pertains to which Defendant. But, as stated by Plaintiffs, "[h]ow does a plaintiff convert a cow into a rabbit?" *See* Amended Complaint at ¶ 40.

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, a complaint may be dismissed if a plaintiff fails to "state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In making a determination, the complaint is "construed liberally in the plaintiff's favor," including the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). However, the Court is not required to accept inferences based upon a plaintiff's allegations if those inferences are unsupported by the facts as alleged, nor is the Court required to accept a plaintiff's legal conclusions that are "couched as factual allegations." *Bates v. Northwestern Human Services, Inc.*, 446 F.Supp.2d 69, 77 (D.D.C. 2006); *see also Id.* "Bare conclusions of law and sweeping and unwarranted averments of fact will not be deemed admitted" for the purposes of a Rule 12(b)(6) motion. *Bates v. Northwestern Human Services, Inc.*, 446 F.Supp.2d at 77 (*citing, M.K. v. Tenet*, 99

F.Supp.2d 12, 17 (D.D.C.2000). Additionally, the Court does not need to accept the inferences as are set forth in a complaint filed by a *pro se* plaintiff, unless those inferences are supported by facts. *Prunte v. Universal Music Group*, 484 F.Supp.2d 32, 37 (D.D.C.2007)(*quoting, Caldwell v. District of Columbia*, 901 F.Supp. 7, 10 (D.D.C.1995). "A *pro se* complaint, like any other, must state a claim upon which relief can be granted by the court." *Id.* (*quoting, Caldwell v. District of Columbia*, 901 F.Supp. 7, 10 (D.D.C.1995)(*citing, Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir.1981)). Adopting the new "plausibility standard," the Supreme Court has clarified the pleading standard of a complaint to mean that the facts alleged must be sufficient to "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __U.S.__, 127 S.Ct. 1955, 1974 (2007). It is this standard that Plaintiffs cannot meet.

### III. PLAINTIFFS HAVE FAILED TO SET FORTH A CLAIM UPON WHICH RELIEF MAY BE GRANTED

#### A. PLAINTIFFS' CLAIMS FAIL AS A MATTER OF LAW

##### 1. The Amended Complaint Fails to Comply With Rules 8(a)(2) and 9(b)

Although the original Complaint has been purportedly rewritten, Defendants have found it to be a close to insurmountable task to weed through it to determine Plaintiffs' alleged RICO claims. In this regard, Defendants assert that like the original Complaint, the Amended Complaint also fails to comply with the pleading standards required of the courts. Thus, Defendants request the Court to dismiss the Amended Complaint for a failure to state a claim.

And to reiterate Defendants' position, pursuant to Federal Rule 8(a)(2), a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleading special matters, such as fraud, or aspects of RICO claims, have a heightened pleading standard, and must be set forth with particularity. Fed. Rule Civ. P. 9(b). RICO claims, for example, must be sufficient to ensure that a defendant has clear notice of the factual basis of the predicate acts. "A plaintiff in a RICO case alleging mail and wire fraud must comply with Federal Rule of Civil Procedure 9(b)'s requirements for pleading fraud with particularity. *See*, *e.g.*, *Giuliano v. Fulton*, 399 F.3d 381, 388 (1st Cir. 2005); *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004); *Morre v. PaineWebber, Inc.*, 189 F.3d 165, 172-73 (2d Cir. 1999); *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989). Rule 9(b) requires pleading the time, place, and content of the false representations, the person making them, and what that person gained from them. *U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251 (C.A.D.C. 2004). Plaintiffs' Amended Complaint is the opposite, and fails to set forth any allegations in short and plain statements, let alone with particularity. Because Rule 9(b) serves to protect defendants from frivolous accusations of moral turpitude, and suits brought for their nuisance value, Plaintiffs should be required to strictly comply with the rule, which the Amended Complaint does not.

### 2. Plaintiffs Have Failed To State A Claim Under the RICO Statute

Despite Defendants' position that the Amended Complaint should be dismissed for failing to plead with particularity, including the "who, what, when, where, and how," if the Court should decide that the Amended Complaint meets the required standard, the Defendants have

attempted to determine what conduct that Plaintiffs contend gives rise to a cause of action. However, the Amended Complaint is merely a regurgitation of all prior and pending complaints brought by Plaintiffs, with a few new histrionic twists.  Through it, they basically allege that the collective Defendants have violated every part of 18 U.S.C. § 1962.  *See* Amended Complaint. To narrow the issues, pursuant to 18 U.S.C. § 1962 (c) "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." Thus, in order to state a claim pursuant to 18 U.S.C. § 1962 (c), Plaintiffs are required to allege, in accordance with the federal rules for pleadings, (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.  *Sedima, S.P.R.L. v Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).  Subsection (d) prohibits engaging in a conspiracy in violation of any of the other subsections.  18 U.S.C. § 1962 (d).

Racketeering activity is "any act indictable under several provisions of Title 18 of the United States Code."  *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir.2004).  A "pattern of racketeering activity" requires a showing "that the racketeering predicates are related and "that they amount to or pose a threat of continued criminal activity."" *Id.* (*quoting H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 237-38 (1989).  "RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 238 (1989). "To establish a RICO pattern it must also be shown that the predicates themselves amount to, or

that they otherwise constitute a threat of, *continuing* racketeering activity." *Id.* at 240. This means a showing of a series of related acts extending over a long period of time, with the threat of continued conduct. *Id.* at 242. In the instant case, however, Plaintiffs have not alleged any clear relationship between any of the conduct complained of, nor have they made any showing of the type of "pattern" contemplated by the statute. "The definition of "pattern" of conduct...indicates that this term embraces "criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission***and***are not isolated events." *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union*, 883 F.2d 132, 138-39 (1989). Throughout the Amended Complaint, as is set forth below, there has been no showing of acts that have the same or similar purposes, results, participants, victims, or methods of commission. Moreover, the alleged telephone calls that are the subject of their allegations against the Weinstock Defendants, supposedly occurred two or three times, and then ceased. *See* Amended Complaint at ¶ 54, 27. Indeed, as in *Turner*, the legal action to collect the $154,000.00 judgment against Plaintiffs is finite and will cease once the money is collected. *Turner*, 362 F.3d at 1230. And as explained below, there is no showing of a series of related acts extending over a substantial period of time. *Id.* at 1231.

      Plaintiffs admit that the conduct relating to Mr. Shi and Ms. Fan that they complain of begins with the alleged "business venture" with its ill-fated soil beans and oil contracts, which dates back to 2002. *See* Amended Complaint at ¶¶ 7, 9, 20. In support, Plaintiffs attach an unsigned letter and purchase agreement as Exhibit A, which interestingly is written on letterhead with an address used by Plaintiffs, and not Mr. Shi. *Compare* Proforma Offer with Purchase Agreement at 1. These alleged contracts, if they are truly breached contracts constituting a cause

of action, were the subject-matter of the original case brought by Plaintiffs in Virginia, and thus any attempts to relitigate them should be barred by *res judicata*, if not the statute of limitations. United States Federal Court for the Eastern District of Virginia, Case No. 04-1379. Indeed, Plaintiffs allege these events occurred in 2002. *See* Amended Complaint and Exhibit A.

Thereafter, Plaintiffs attempt to tie Mr. Shi and Ms. Fan to another alleged conspiracy with a Chinese agent who defrauded Plaintiffs out of $1,500,000.00 back in 1996. *Id.* at ¶¶ 17, 18. These allegations are also nothing more than regurgitated allegations from another "RICO" case they filed in this Court, *Jacobs/Heckerman v. Susan Wu, et al*, Case No. 00-231 (CKK), which was dismissed with prejudice on February 12, 2001. From the face of the Amended Complaint, it is entirely unclear as to how Mr. Shi and Ms. Fan are supposedly involved in this alleged conspiracy, but in any event, this Court has already determined that the allegations made in the *Susan Wu* case did not amount to a proper cause of action. As such, allegations in this case which stem from the *Susan Wu* case should be dismissed through the doctrine of *res judicata*.

Plaintiffs then admit that Sidney Friedman and Greg Rose, who are employees of Weinstock, Friedman & Friedman, P.A., were brought into Plaintiffs' litigious web, only because they were the attorneys who represented Mr. Shi and Ms. Fan in the Virginia lawsuit, in which judgment was entered against Plaintiffs. *See* Amended Complaint at ¶¶ 31, 77. Although at this point in their pleadings, Plaintiffs allege that Sidney Friedman, Greg Rose, and Weinstock, Friedman & Friedman, P.A. "joined them as RICO persons and formed new RICO enterprises," there is not one factual allegation to support their conclusion. *Id.* Next, Plaintiffs attempt to tie all prior named Defendants with Vijay Patel, whom Plaintiffs originally named as a Defendant in this case, but for whatever reason is now a Defendant in *Jacobs/Heckerman v. Patel, et al*, Case

No. 01802. *Id.* at ¶¶ 60 - 63. Although Plaintiffs allege the existence of yet another conspiracy, now involving Mr. Patel, there are absolutely no facts to support such. These are nothing more than more bald assertions of the same type of outlandish allegations, now involving planting bombs in Detroit, terrorism, and taped telephone conversations in the possession of Homeland Security. *Id*. A closer reading of these paragraphs reveals, however, that the only substantive allegation concerning those named, is that Mr. Patel is claimed to have spoken to Mr. Friedman on the telephone, hardly an illegal act, nor one that caused any alleged harm to Plaintiffs. To tie the entire alleged conspiracy together, Plaintiffs state that "what ties the entire RICO conspiracy together is the fact that the RICO persons through these multiple RICO enterprises have a main objective, and that objective is to discredit the Plaintiffs so much that the court is diverted from allowing the actual facts of these two breached contracts from being heard. The reason is quite simple: Defendants Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Freidman, P.A., Yelin Shi and Yu Fan want to avoid paying a debt for the contracts for soy beans and for crude oil which the Defendants Yelin Shi and Yu Fan breached." *Id.* at ¶ 30. In this regard, none of this allegation even meets any definition of a RICO claim. Furthermore, the contracts that are attached to the Amended Complaint as Exhibit A are not even signed, and the only names that appear on said contracts are Samuel Jacobs and Jack Shi. Even if the Court considered these as being valid contractual agreements, the only parties to the contracts are Samuel Jacobs and Jack Shi. These claims were brought by Plaintiffs in United States Federal Court for the Eastern District of Virginia, Case No. 04-1379, and dismissed with prejudice by the court, judgment having been entered in favor of Mr. Shi and Ms. Fan in the amount of $154,000.00. *See also* Answers to Interrogatories attached as Exhibits to Amended Complaint. There are no

9

substantive allegations which tie any of this alleged conduct together to form any sort of pattern, let alone illegal conduct.

It appears that Plaintiffs make two main allegations of what they claim are "RICO overt acts" - banking violations, violations of the Fair Debt Collection Practices Act.  *See* Amended Complaint at 38; 41.  The allegations which relate to the Fair Debt Collection Practices Act are directed at Sidney Friedman, Greg Rose, and Weinstock, Friedman & Friedman, P.A. *Id.* at 20 - 23.  Plaintiffs first allege that Sidney Friedman "and/or" Greg Rose telephoned Plaintiffs' office and then threatened "to come to the office with a sheriff and take all of the office equipment and furniture." *Id.* at 20.  From there, Plaintiffs jump to the wild conclusion that because sheriffs carry weapons, which may or may not be accurate, that these acts constitute attempted and threatened violence, armed robbery and extortion. *Id.* at 21.  Although there are other allegations, they are so vague that it cannot be said that they amount to any cause of action.  For example, Plaintiffs allege that the phone calls included acts of verbal abuse and violent, threatening and harassing demands, yet the only statement that Plaintiffs allege was made, was "to come to the office with a sheriff and take all of the office equipment and furniture." *Id.* at 20 - 21.  Plaintiffs also allege that Sidney Friedman identified himself to the conspicuously unidentified "Ms. B." as an "investigator" and then "implied in a rather confused identification that he was from the Government." *Id.* at 29.  Plaintiffs' own words demonstrate that this is a non-allegation, as implying something, by definition, means that it was not expressly stated. Finally, Plaintiffs allege that Sidney Friedman and Greg Rose contacted third parties who answer their office phones, in order to collect a judgment, referring to the judgment obtained by Mr. Shi and Ms. Fan against Plaintiffs in United States Federal Court for the Eastern District of Virginia,

10

Case No. 04-1379. *Id.* at 29 - 34. Plaintiffs allege that this conduct amounts to violations of the Fair Debt Collection Practices Act and RICO. *Id.* at 41 - 48. Again, there is no pattern, no illegal conduct, and no continuity, as is required for the Amended Complaint to survive.

      Regarding allegations against Mr. Shi and Ms. Fan, the Amended Complaint is completely void as to any substantive allegations as to Ms. Fan. As such, she should be immediately dismissed from the case for a failure to state a claim. With respect to Mr. Shi, Plaintiffs make several allegations, albeit in a very disjointed manner. Plaintiffs first claim that Mr. Shi breached the contracts for soy beans and crude oil. As explained above, these claims should fail as a matter of law. They should be barred by the statute of limitations, and were the subject of the earlier Virginia case which was dismissed with prejudice. As to Mr. Shi, Plaintiffs also allege that he "insisted" that they open a bank account and then was informed of their travel itineraries and hotel bills by an unidentified bank employee. *Id.* at ¶ 66. Plaintiffs further allege that Mr. Shi threatened Plaintiffs with a Chinese hit man, and attempted to kidnap their grandchild. *Id.* at 67. In support of these allegations, Plaintiffs attach an alleged affidavit, which is conspicuously unsigned. *See* Exhibit C, Amended Complaint. Even in reviewing this affidavit, it is entirely unclear as to identify of the affiant. As an unexecuted affidavit, replete with hearsay statements, it is not even properly before this Court. Clearly, none of these allegations can be linked to the Weinstock Defendants whatsoever.

      Regarding the alleged "enterprise," Plaintiffs make various allegations and refer to various "enterprises," none of which are even remotely specific. *See e.g.* Amended Complaint at ¶ 31. Plaintiffs do allege that the "RICO persons" "operate through a RICO enterprise within an otherwise legitimate business named Weinstock, Friedman & Friedman, P.A." *Id.* at ¶ 57.

11

Other than this, no other substantive allegation as to the "enterprise" can be determined. Likewise, there are no substantive allegations regarding the alleged conduct of Weinstock, Friedman & Friedman, P.A., and given the way the allegations are stated, it appears that it may not even be a proper party. *Yellow Bus Lines, Inc.*, 883 F.2d at 141; *see generally, Id.*

### 3.  The Fair Debt Collection Practices Act Does Not Apply To This Matter

A large portion of Plaintiffs' Amended Complaint concerns allegations of violations of the Fair Debt Collection Practices Act ("FDCPA"). *See e.g.* Amended Complaint at 29 - 38. These claims fail as a matter of law, however, because the FDCPA only applies to consumer debts, and is therefore, not even applicable to this case. Pursuant to the FDCPA, the term "debt" means "...any obligation or alleged obligation of a consumer to pay money arising out of a transaction which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. 1692a §803 (5); *Bloom v. I.C. Sys. Inc.*, 972 F.2d 1067, 1068-69 (9th Cir.1992) (the FDCPA does not apply to debts incurred for commercial reasons); *see also Fleet Nat'l Bank v.* Baker, 263 F.Supp. 2d 150, 154 (D.Mass.2003); *Hollman v. West Valley Collection Services, Inc.*, 60 F.Supp. 2d 935, 937 (D.Minn.1999).

It is clear from the face of the Amended Complaint that Plaintiffs' allegations concern commercial debts. Indeed, throughout the Amended Complaint, Plaintiffs state that the underlying debt involves "a business venture to sell goods to China...." *See* Amended Complaint at ¶ 7. "That Defendant Yelin Shi...demanded the $140,000.00 back which was the expense

money already spent to arrange the two contract ventures...." *Id.* at ¶ 23; *see also* ¶¶ 11, 12, 13, 14, 15, 17, 23, 42, 44, etc.  And after the same $140,000.00 was reduced to final judgment in the Virginia Court, it still could not involve a debt within the meaning of the FDCPA, because the underlying transactions, as alleged by Plaintiffs, were commercial and not consumer.  *Turner v. Cook*, 362 F.3d 1219, 1228 (9th Cir.2004).  Therefore, a cause of action brought for alleged violations of the FDCPA during collection attempts of the judgment cannot stand as a matter of law, and must be dismissed.

## B.  PLAINTIFFS HAVE FAILED TO COMPLY WITH LOCAL RULE 11.1

Plaintiffs have continued to violate Local Rule 11.1.  In the caption of their Complaint, Plaintiffs list their address as 2300 M Street, N.W., Suite 838, Washington, D.C. 20037.  *See* Complaint.  In the body of their Amended Complaint, they also allege that this is their "address."  *See* Amended Complaint at ¶¶ 1a., b.  Conspicuously absent from these paragraphs, however, is the statement that this address is where Plaintiffs reside.  Pursuant to Local Rule 11.1, the Plaintiffs were required to list their "full residence address" and their telephone number in the caption of their Complaint.  Plaintiffs failed to do so.  As is evidenced on page 48, Plaintiffs indicate that this is the address of the "OFFICES OF SAMUEL K. JACOBS."  2300 M Street is an office building.  It is not a residence.  As such, Plaintiffs' pleading 2300 M Street as their address is misleading, and should not be permitted.  Plaintiffs should be required to note their "full residence address" and their telephone number, as is required, or their case should be dismissed for failure to provide this information.  Local Rule 11.1 states that "failure to provide

13

the address information within 30 days upon filing may result in the dismissal of the case...."

Local Rule 11.1.  It should also be noted that in Paragraph 1 of their Amended Complaint, Plaintiffs list their "Suite" as 800, yet under their signatures, they note "Suite 838."

## IV.  CONCLUSION

For the foregoing reasons, Defendants request that this case be dismissed with prejudice. Despite amending their Complaint, it continues to be a very incoherent document that fails to state a claim.

Respectfully submitted,

/S/ Sidney S. Friedman
DC Federal Bar No.: 464753

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
(410) 559-9000
(410) 559-9009 Fax
ssf@weinstocklegal.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY, that on this 20th day of August 2008, a copy of the foregoing Defendants' Motion to Dismiss, was electronically filed, and was also sent first class mail, postage prepaid to: Samuel K. Jacobs, 2300 M Street, N.W., Suite 838, Washington, D.C. 20037, and Nancy Heckerman, 2300 M Street, N.W., Suite 838, Washington, D.C. 20037.

     /S/ Sidney S. Friedman

     Weinstock, Friedman & Friedman, P.A.
     4 Reservoir Circle
     Baltimore, Maryland 21208

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **SAMUEL K. JACOBS, et al** | * | |
| | * | |
|     **Plaintiffs** | * | |
| | * | |
|  v. | * | |
| | * | |
| **FRIEDMAN, et al** | * | |
| | * | |
|     **Defendants** | * | Case No.: 1:07-CV-01625 |
| | * | |

**************************************************************************

## (Proposed) ORDER

Upon consideration of Defendants' Motion to Dismiss, and any response thereto, it is this _____ day of _____, 2008, hereby

**ORDERED**: That Defendants' Motion to Dismiss is hereby **GRANTED**; and it is further

**ORDERED**: That Amended Complaint is dismissed with prejudice; alternatively, it is

**ORDERED**: That the following party Defendants are dismissed with prejudice:

_____
_____
_____


_____      _____
Date                                                   United States District Court Judge for the
                                                                   District of Columbia